JS 44   (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Julie Pattie

**DEFENDANTS**
Coach, Inc.

**(b)** County of Residence of First Listed Plaintiff    Lake
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    New York
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Dworken & Berbstein Co., LPA, 60 South Park Place, Painesville, OH 44077

Attorneys *(If Known)*
Sutter O'Connell Co., 1301 East 9th Street, 3600 Erieview Tower, Cleveland, OH  44114

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1   U.S. Government
Plaintiff

☐ 3   Federal Question
*(U.S. Government Not a Party)*

☐ 2   U.S. Government
Defendant

☒ 4   Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                       *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1   Original Proceeding
☒ 2   Removed from State Court
☐ 3   Remanded from Appellate Court
☐ 4   Reinstated or Reopened
☐ 5   Transferred from Another District *(specify)*
☐ 6   Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Sec 1332(d)(2), 1441, 1446, 1453

Brief description of cause:
Class action alleging violations of Ohio Consumer Protection Statutes, Breach of Contract, Fraud

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☒ Yes    ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*:    JUDGE  N/A    DOCKET NUMBER

DATE
03/21/2014

SIGNATURE OF ATTORNEY OF RECORD
/s/ Matthew C. O'Connell

**FOR OFFICE USE ONLY**

RECEIPT #            AMOUNT            APPLYING IFP            JUDGE            MAG. JUDGE

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

**I.**     Civil Categories: (Please check <u>one category only</u>).

1. [✓]  General Civil
2. [ ]  Administrative Review/Social Security
3. [ ]  Habeas Corpus Death Penalty

*If under Title 28, §2255, name the SENTENCING JUDGE: _____

CASE NUMBER: _____

**II.**     <u>RELATED OR REFILED CASES</u>.  See LR 3.1 which provides in pertinent part: "If an action is filed or removed to this Court and assigned to a District Judge after which it is discontinued, dismissed or remanded to a State court, and subsequently refiled, it shall be assigned to the same Judge who received the initial case assignment without regard for the place of holding court in which the case was refiled.  Counsel or a party without counsel shall be responsible for bringing such cases to the attention of the Court by responding to the questions included on the Civil Cover Sheet."

This action is [   ] **RELATED** to another **PENDING** civil case.  This action is [   ] **REFILED** pursuant to **LR 3.1**.

**If applicable, please indicate on page 1 in section VIII, the name of the Judge and case number.**

**III.**     In accordance with Local Civil Rule **3.8**, actions involving counties in the Eastern Division shall be filed at any of the divisional offices therein.  Actions involving counties in the Western Division shall be filed at the Toledo office. For the purpose of determining the proper division, and for statistical reasons, the following information is requested.

ANSWER ONE PARAGRAPH ONLY. ANSWER PARAGRAPHS 1 THRU 3 IN ORDER.  UPON FINDING WHICH PARAGRAPH APPLIES TO YOUR CASE, ANSWER IT AND STOP.

(1)     <u>Resident defendant</u>. If the defendant resides in a county within this district, please set forth the name of such county
<u>COUNTY:</u>
<u>Corporation</u> **For the purpose of answering the above, a corporation is deemed to be a resident of that county in which it has its principal place of business in that district.**

(2)     <u>Non-Resident defendant</u>. If no defendant is a resident of a county in this district, please set forth the county wherein the cause of action arose or the event complained of occurred.
<u>COUNTY:</u>  Lake County, Ohio

(3)     <u>Other Cases</u>. If no defendant is a resident of this district, or if the defendant is a corporation not having a principle place of business within the district, and the cause of action arose or the event complained of occurred outside this district, please set forth the county of the plaintiff's residence.
<u>COUNTY:</u>

**IV.**     The Counties in the Northern District of Ohio are divided into divisions as shown below.  After the county is determined in Section III, please check the appropriate division.

<u>EASTERN DIVISION</u>

[   ]  **AKRON**          (Counties: Carroll, Holmes, Portage, Stark, Summit, Tuscarawas and Wayne)
[✓]  **CLEVELAND**     (Counties: Ashland, Ashtabula, Crawford, Cuyahoga, Geauga, Lake,
                                      Lorain, Medina and Richland)
[   ]  **YOUNGSTOWN**  (Counties: Columbiana, Mahoning and Trumbull)

<u>WESTERN DIVISION</u>

[   ]  **TOLEDO**          (Counties: Allen, Auglaize, Defiance, Erie, Fulton, Hancock, Hardin, Henry,
                                      Huron, Lucas, Marion, Mercer, Ottawa, Paulding, Putnam, Sandusky, Seneca
                                      VanWert, Williams, Wood and Wyandot)

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JULIE PATTIE, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. _____ |
| | ) | |
| COACH, INC. | ) | Judge: _____ |
| | ) | |
| Defendant. | ) | |

## NOTICE OF REMOVAL

Now comes Defendant Coach, Inc. ("Coach"), by and through its undersigned counsel, and hereby removes this cause, currently pending in the Court of Common Pleas, Lake County, Ohio, to the United States District Court for the Northern District of Ohio, Eastern Division, pursuant to 28 U.S.C. §§1332(d)(2), 1441, 1446 and 1453. In support of removal, Coach states as follows:

### Background

1.      On February 7, 2014, Plaintiff Julie Pattie ("Plaintiff") filed a putative Class Action Complaint in the Lake County Common Pleas Court, State of Ohio, where it was known and numbered as *Julie Pattie vs. Coach Inc.*, Case No. 14CV000303.     In the section of her Complaint titled "Class Allegations," Plaintiff pleads that she brings this action "on behalf of herself and all other similarly situated persons, to wit: all Ohio residents who purchased a product using a Defendant's percentage-off discount coupon distributed in the stores with 'today only' (or similar) language within the applicable statute of limitations." (Complaint ("Comp.") ¶14).

2.     Coach was served with process and a copy of the Complaint and discovery requests on February 27, 2014.  No other pleadings, process, or orders have been served or entered.  A copy of the Complaint, discovery requests, and process served on Coach are attached hereto as Exhibit 1.  *See* 28 U.S.C. §1446(a).

### Allegations of Complaint

3.     In her Complaint, Plaintiff alleges that she has shopped at Coach Factory Stores on several occasions, the most recent being the spring of 2013.  (Comp. ¶5).

4.     According to Plaintiff, on each occasion upon entering a Coach factory store a Coach employee provided Plaintiff an in-store coupon, which contained the following and/or similar language: "TAKE AN ADDITIONAL 50% OFF YOUR PURCHASE VALID TODAY ONLY IN THIS COACH FACTORY LOCATION." (*Id.* ¶6).

5.     Plaintiff alleges she purchased items from a Coach Factory store believing she was receiving a price advantage, and that said price advantage was only available on the date she purchased the items. (*Id.* ¶7).

6.     Plaintiff further alleges that Coach has been distributing in-store coupons "nearly every day in its factory stores, thereby nullifying the claim of a sale and that the sale lasted only one day." (*Id.* ¶8). She argues that "the price of Defendant's products was never actually discounted but stayed constant over time." (*Id.* ¶11).

7.     Plaintiff seeks to represent a putative class of Ohio residents to prosecute claims against Coach for alleged violations of the Ohio Consumer Sales Practices Act ("CSPA"), breach of contract, unjust enrichment, and fraud.

8.     Within her "Prayer for Relief," Plaintiff demands judgment and damages for herself and the putative class she seeks to represent, including:  "compensatory damages"; "punitive damages"; "reasonable costs and attorney [sic] fees incurred herein pursuant to common law and R.C. § 1345.09(F)"; and "such other or further relief as this Honorable Court deems Plaintiff and the class entitled." (Comp., Prayer for Relief ¶¶2-5).

## Ohio Coach Factory Store Sales

9.      Coach operates factory stores in Ohio that are located in Aurora (Store No. 5301), Jeffersonville (Store No. 5300) and Monroe (Store Nos. 5302 and 5303) (hereinafter collectively referred to as "Coach's Ohio factory stores").  (Declaration of Mike Mahler ("Mahler Decl.") ¶4, attached hereto as Exhibit 2).

10.     Since February 7, 2012, annual sales at Coach's Ohio factory stores have exceeded $10,000,000.00.  (Mahler Decl. ¶6).

11.     Considering only the sales made on days when in-store coupons were provided to customers, the 2013 combined sales at Coach's Ohio factory stores located in Monroe, exceeded $10,000,000.00.  (Mahler Decl. ¶7).

## The Class Action Fairness Act

12.     Congress passed the Class Action Fairness Act ("CAFA") with the intent to expand federal jurisdiction over class actions.  Pub.L. No. 109-2, 119 Stat. 14 (2)(B) (one stated purpose of the Act is to "restore the intent of the framers of the United States Constitution by providing for Federal court consideration of interstate cases of national importance under diversity jurisdiction"); S.Rep. No. 109-14, at *43, *as reprinted in* 2005 U.S.C.C.A.N. 3, **41 (the Act "is intended to expand substantially federal court jurisdiction over class actions"); *see also Evans v. Walter Industries, Inc.*, 449 F.3d 1159, 1164 (11th Cir. 2006) ("The language and structure of CAFA itself indicates that Congress contemplated broad federal court jurisdiction."); *Chavis v. Fidelity Warranty Services, Inc.*, 415 F.Supp.2d 620, 626 (D.S.C. 2006) ("CAFA was passed with the clear intention of expanding 'federal court jurisdiction over class actions.'") (citation omitted).

13.     CAFA's provisions "should be read broadly, with a strong preference that interstate class actions be heard in federal court if properly removed by any defendant."  S.Rep. No. 109-14, at *43, *as reprinted in* 2005 U.S.C.C.A.N. 3, **41.

3

14.      Pursuant to CAFA, when the number of putative class members exceeds 100, this Court has original jurisdiction over "any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs, and is a class action in which ... any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §1332(d)(2).  These requirements are satisfied in this case.

## Basis for Removal

15.      Plaintiff, as well as all putative class members, are citizens of the State of Ohio (Comp. ¶¶5-6), while Coach is a Maryland Corporation with its principal place of business in the State of New York. (Mahler Decl. ¶3).  Thus, the minimal diversity requirements of CAFA are satisfied.  *See* 28 U.S.C. §1332(d)(2)(A).

16.      There are more than 100 members of the putative class described by Plaintiff in the Complaint.[1]  Plaintiff's Complaint alleges this action is on behalf of "all Ohio residents who purchased a product using a Defendant's percentage-off discount coupon distributed in the stores with 'today only' (or similar) language within the applicable statute of limitations." (Comp. ¶14).  Plaintiff also alleges that such in-store coupons are given out nearly every day in Coach's Ohio factory stores. (Comp. ¶7). Thousands of individuals have purchased products using a percentage-off in-store coupon at Coach's Ohio factory stores. (Mahler Decl.).  It is reasonable to assume that among these thousands of purchasers; at least 100 were Ohio residents.  *See also, e.g., Gascho v. Global Fitness Holdings, LLC*, 863 F. Supp. 2d 677, 688 (S.D. Ohio 2012) (finding that "one can reasonably assume that the class consists of more than 100 persons"

---

[1] Plaintiff affirmatively states the putative class "numbers over forty (40) persons". (Compl. ¶15). This Court is not bound by Plaintiff's assertion that there are "over forty" putative class members. *See Gentek Bldg. Prods. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. Ohio 2007).  Additionally, Plaintiff served Coach with discovery requests attached to the Complaint, in which she asks Coach to admit "There are more than 40 putative class members during each month of the class period. (Plaintiff's Request for Admission No. 6, attached hereto as Exhibit 3.)  Plaintiff defines "class period", for purposes of discovery, as "8 years from the date of filing this complaint." (Req. for Adm. p. 4, ¶(j)).  Accordingly, Plaintiff concedes the putative class is comprised of, at a minimum, 3,840 persons.

where the complaint defined the class as "all persons to whom Defendant sold personal training contracts or services within Ohio" during a period of approximately four years.)

17.     The requirement of 28 U.S.C. §1332(d)(2)(5)(b) that there be more than 100 putative class members is satisfied.

18.     Based on combined sales at Coach's Ohio factory stores for the past two years in Ohio, when promotional coupons were provided to customers, it is "more likely than not" that the amount in controversy for Plaintiff's class action lawsuit exceeds $5,000,000, exclusive of costs or interest.[2]  Each one of Plaintiff's four claims more likely than not exceeds $5,000,000, exclusive of costs and interest.

19.     Plaintiff's claim for the alleged violation of the Ohio CSPA exceeds the sum or value of $5,000,000.  Treble or statutory damages in class actions are precluded by R.C. §1345.09(B), thereby limiting the putative class to actual damages.  Plaintiff alleges that products sold at Coach's Ohio factory stores were represented to be 50% off but that Plaintiff and putative class members never received an actual discount. (Comp. ¶29).  Plaintiff essentially argues that she paid twice the amount she should have paid.  As a result, class damages could total 50% of all Ohio Coach factory store sales within the past two years. (*Id.*). Based on the 2013 combined sales at Coach's Ohio factory stores in Monroe, on days when in-store coupons were provided to customers, alleged damages for the putative class exceeds

_____

[2]Plaintiff fails to state an amount in controversy in her Complaint, but simply alleges customers "have been injured in an amount to be established at trial." (Comp. ¶33).  However, Plaintiff's failure to specify damages in her Complaint cannot prevent removal to this Court where Coach has presented affirmative proof that the amount in controversy exceeds the jurisdictional minimum. *See Gascho v. Global Fitness Holdings, LLC*, 2011 U.S. Dist. LEXIS 154430, 8-9 (S.D. Ohio Nov. 14, 2011) (amount in controversy satisfied despite alleged damages "in excess of $25,000" where the defendant multiplied the plaintiff's alleged damages by the total number of possible plaintiffs, resulting in alleged aggregate class compensatory damages of at least $22,500,000).  *See also Finnegan v. Wendy's Int'l*, 2008 U.S. Dist. LEXIS 88868 (S.D. Ohio, May 13, 2008) (removal appropriate despite unspecified damages in excess of Ohio's jurisdictional minimum, where defendant submitted pre-lawsuit  settlement demands which established that the amount in controversy was well over the diversity threshold).  Even if Plaintiff's failure to state the amount of controversy left some uncertainty as to whether the $5,000,000 aggregate amount was met (which it does not), "the court should err in favor of exercising jurisdiction." S. Rep. 109-14, *42, *as reprinted in* 2005 U.S.C.C.A.N. 3, *40.

$5,000,000.  Plaintiff concedes as much by not disclaiming in her Complaint that she is seeking damages of over $5,000,000.

20.     Plaintiff's breach of contract and unjust enrichment claims are likewise based upon Plaintiff's allegation that putative class members paid full price for items when they received percentage-off in-store coupons. (Comp. ¶¶34-41; 42-49).  An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued. R.C. § 1302.98.  Plaintiff claims that she and the putative class actually paid full price for the products, rather than receiving a percentage-off in-store discount.  (*Id.* ¶40.)  In addition, Plaintiff alleges that Coach "received benefits [receiving the full price rather than the discounted price] under circumstances where it would be unjust to retain these benefits."  (*Id.* ¶48).  Plaintiff seeks actual monetary relief/damages for each class member.  (*Id.*, Prayer for Relief).  Based on these allegations, and the four-year statute of limitations, it is fair to assume Plaintiff will be seeking alleged damages in excess of $5,000,000. (*Id.* ¶49).

21.     Plaintiff's fourth claim is for fraud.  The statute of limitations for fraud is four years. R.C. §2305.09.  With respect to the fraud claim, Plaintiff alleges putative class members were harmed "in at least the amount of the discount they did not receive." (*Id.* ¶62).  Therefore, similar to the other claims, the class damages more likely than not exceed $5,000,000.

22.     Even if just one of these forms of relief, standing alone, was insufficient to satisfy the $5,000,000 amount in controversy requisite of 28 U.S.C. §1332(d)(2), all forms of relief sought by Plaintiff added together, including the amount of potential statutory attorney's fees, would easily exceed the jurisdictional threshold.  *See Norris v. People's Credit Co.*, 2013 U.S. Dist. LEXIS 139327, 20 (N.D. Ohio Sept. 27, 2013) (finding amount in controversy requirement satisfied after aggregating actual damages under the Consumer Sales Practices Act with 8% add-on damages pursuant to the Retail Installment Sales Act).  *See also Miller v. Volkswagen of Am., Inc.*, 889 F. Supp. 2d 980, 989 (N.D. Ohio 2012) (*citing Hartis v. Chicago Title Ins.*, 656

F.3d 778, 781 (8th Cir. 2009) for the proposition that statutory attorney's fees count toward the jurisdictional minimum calculation).

23.     Because there is minimal diversity, greater than 100 putative class members, and the matter in controversy more likely than not exceeds the sum of $5,000,000, this Court has jurisdiction under 28 U.S.C. §1332(d)(2).

24.     No statutory exception to CAFA jurisdiction applies in this case.  Coach is the only defendant from whom any class relief is sought, and Coach is not a citizen of Ohio.  Thus, none of the exceptions to CAFA jurisdiction apply.  *See* 28 U.S.C. §1332(d)(4)(A) (known as the "local controversy exception"); 28 U.S.C. §1332(d)(4)(b) (the "home state exception"); 28 U.S.C. §1332(d)(3) (the "interests of justice" exception).

25.     This Notice of Removal is filed within thirty days of February 27, 2014, the date on which Coach was first served with the summons and complaint.  Thus, it is timely filed.

26.     Coach will promptly file a copy of this Notice of Removal with the clerk of the Lake County Common Pleas Court, State of Ohio, and provide written notice of the removal to all other counsel of record.

27.     The United States District Court for the Northern District of Ohio embraces the county and court in which Plaintiff filed this case.  28 U.S.C. §115(b)(2).  Therefore, this action is properly removed to this Court pursuant to 28 U.S.C. §1441(a).

28.     Coach reserves all rights and defenses, and the filing of this Notice of Removal is subject to, and without waiver of, any defenses or rights.

Respectfully submitted,


/s/ Matthew C. O'Connell
MATTHEW C. O'CONNELL (0029043)
CHRISTINA J. MARSHALL (0069963)
BRIAN E. ROOF (0071451)
THERESA M. BRATTON (0086633)
Sutter O'Connell Co.
moconnell@sutter-law.com
cmarshall@sutter-law.com
broof@sutter-law.com
tbratton@sutter-law.com
1301 East 9th Street
3600 Erieview Tower
Cleveland, OH 44114
(216) 928-2200 phone
(216) 928-4400 facsimile
*Counsel for Coach, Inc.*


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the Notice of Removal was mailed on this 21st day of March, 2014, by regular U.S. mail, postage prepaid to:

Patrick J. Perotti, Esq.
Nicole T. Fiorelli, Esq.
Frank A. Bartela, Esq.
DWORKEN & BERNSTEIN Co., L.P.A.
60 South Park Place
Painesville, Ohio 44077


/s/ Matthew C. O'Connell
MATTHEW C. O'CONNELL (0029043)

8