

# CT Corporation

**Service of Process Transmittal**
02/27/2014
CT Log Number 524480780

**TO:** Caroline E. de Rooy
Coach, Inc
516 West 34th Street
New York, NY 10001

**RE:** **Process Served in Maryland**

**FOR:** Coach, Inc. (Domestic State: MD)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Julie Pattie, Pltf, vs. Coach, Inc., Dft. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, First Requests, Proof of Service, Attachment |
| **COURT/AGENCY:** | Lake County - Ohio - Court of Common Pleas, OH<br>Case # 14CV000303 |
| **NATURE OF ACTION:** | Violation of ORC 1345.01 et seq. |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Trust Incorporated, Baltimore, MD |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 02/27/2014 postmarked: "Not Post Marked" |
| **JURISDICTION SERVED:** | Maryland |
| **APPEARANCE OR ANSWER DUE:** | Earliest answer date - Within 28 after service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | Patrick J. Perotti<br>Dworken & Bernstein Co., L.P.A.<br>60 South Park Place<br>Painesville, OH 44077<br>440-352-3391 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day, 798063101403<br>Image SOP<br>Email Notification, Caroline E. de Rooy cderooy@coach.com<br>Email Notification, Todd Kahn tkahn@coach.com<br>Email Notification, Nancy Axilrod naxilrod@coach.com<br>Email Notification, Elizabeth Roy eroy@coach.com<br>Email Notification, Julcy Baez jbaez@coach.com<br>Email Notification, Nicole Ridolfi NRidolfi@Coach.com |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br>**TELEPHONE:** | The Corporation Trust Incorporated<br>Stephanie Butterfield<br>351 West Camden Street<br>Baltimore, MD 21201<br>410-539-2837 |

Page 1 of 1 / TT

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



EXHIBIT 1

**CERTIFIED MAIL**

7196 9008 9111 0969 1719

RETURN RECEIPT REQUESTED

**Maureen G. Kelly**
CLERK OF COMMON PLEAS COURT
LAKE COUNTY COURTHOUSE, WEST ANNEX
25 N. PARK PLACE
PAINESVILLE, OHIO 44077-3416

14CV000303
7196 9008 9111 0969 171

COACH INC
351 WEST CAMDEN STREET
BALTIMORE, MD 21201

Thank you for using Return Receipt Service

RETURN RECEIPT REQUESTED
USPS® MAIL CARRIER
DETACH ALONG PERFORATION

Thank you for using Return Receipt Service



# SUMMONS
## COURT OF COMMON PLEAS
## LAKE COUNTY OHIO

JULIE PATTIE

        Plaintiff

VS.

        Case Number: **14CV000303**
        Judge EUGENE A. LUCCI

COACH INC

        Defendant

To the following named DEFENDANT(S):
    COACH INC
    351 WEST CAMDEN STREET
    BALTIMORE MD 21201

You have been named a Defendant in a complaint filed in the Lake County Court of Common Pleas, Lake County Courthouse, Painesville, Ohio. A copy of the complaint is attached hereto. The name and address of the plaintiff's attorney is:

    PATRICK J. PEROTTI ESQ
    DWORKEN & BERNSTEIN CO. LPA
    60 SOUTH PARK PLACE
    PAINESVILLE OH 44077

You are hereby summoned and required to do the following:

1. Within 28 days after service of this Summons upon you, serve a copy of an Answer to the Complaint on the Plaintiff's Attorney or on the Plaintiff, if he/she has no attorney of record;

2. Within 3 days after you serve the Plaintiff or the Plaintiff's Attorney, file an Answer with your original signature with the Lake County Clerk of Court.

Calculations of time are exclusive of the day of service.

If you fail to appear and defend, judgment by default will be rendered against you for the relief demanded in the complaint.

        Maureen G. Kelly
        Clerk, Court of Common Pleas
        Lake County, Ohio
        25 N. Park Place
        Painesville OH 44077

        By _[signature]_
        Deputy Clerk

February 11, 2014

IN THE COURT OF COMMON PLEAS
LAKE CO[UNTY]

FILED
2014 FEB -7 PM 3:04 13CV000303
EUGENE A. LUCCI
MAUREEN G. KELLY
LAKE CO. CLERK OF COURT

JULIE PATTIE
289 Edison Drive
Eastlake, Ohio 44095

   Plaintiffs,

vs.

COACH, INC.
in the care of its agent for service of process,
The Corporation Trust Incorporated
351 West Camden Street
Baltimore, Maryland 21201

   Defendant.

**PLAINTIFF'S CLASS ACTION COMPLAINT**

**JURY DEMAND ENDORSED HEREON**

Now comes Julie Pattie, through undersigned counsel, individually and as representative of all others similarly situated, and for her Class Action Complaint states:

## INTRODUCTION

This is a class action brought by Julie Pattie ("Plaintiff"), individually and as putative representative, against Coach, Inc., doing business as "Coach Factory Stores" ("Defendant"). Defendant sells handbags, shoes, wallets, and other fashion accessories (the "products") to the general public.

Defendant has been advertising significant percentage-off discounts on its products at its factory stores. Defendant *always* advertises these discounts. These discounts never end, but continue, week in and week out. The result is that the prices for Defendant's products are always the same and are never actually discounted.

By advertising discounts without actually providing a discount to its customers, Defendant is violating Ohio law.

Defendant also represents that the advertised percentage-off discounts are available for a limited time period. This is false because the discounts are available continuously.

By making these false representations in connection with its advertised discounts, Defendant is violating Ohio law.

## PARTIES

1. Plaintiff Julie Pattie is an individual and resident of the State of Ohio, County of Lake and City of Eastlake.

2. Defendant is a corporation organized under the laws of Maryland and headquartered in Baltimore, Maryland. Defendant owns and operates Coach Factory Stores, four of which are located in Ohio, and sells consumers clothing and fashion accessory products.

## JURISDICTION

3. This court has personal jurisdiction over Defendant because Defendant transacts business in the state of Ohio and contracts to supply goods in the State of Ohio. R.C. § 2307.382.

## FACTS

4. Plaintiff realleges and incorporates herein all previous paragraphs of this Complaint.

5. Plaintiff has shopped at Defendant's factory stores on several occasions, the most recent being Spring, 2013.

6. On each occasion noted above, upon entering Defendant's store, Plaintiff Pattie was given a coupon by one of Defendant's employees. The coupon contained the following and/or similar language:

> TAKE AN ADDITIONAL 50% OFF YOUR PURCHASE
> VALID TODAY ONLY IN THIS COACH FACTORY LOCATION

7.  Plaintiff Pattie purchased items from Defendant's store on these occasions, believing that she was receiving a price advantage, and that said price advantage was only available on the date she purchased her items.

8.  Upon information and belief, Defendant has been distributing these coupons nearly every day in its factory stores, thereby nullifying the claim of a sale and that the sale lasted only one day.

9.  Plaintiff Pattie contracted with Defendant to purchase products with the understanding that the products would be, as represented by Defendant, discounted from Defendant's regular price by 50% and that such discount would only be available during the days of her purchases.

10. Plaintiff Pattie paid Defendant for her purchases.

11. The ongoing, constant sale created a situation where the price of Defendant's products was never actually discounted but stayed constant over time.

12. Because of these ongoing sales, Plaintiff Pattie never received the advertised and contracted discount off of Defendant's regular price.

## CLASS ALLEGATIONS

13. Plaintiff realleges and incorporates herein all previous paragraphs of this Complaint.

14. Plaintiff brings this action on behalf of herself and all other similarly situated persons, to wit: all Ohio residents who purchased a product using a Defendant's percentage-off discount coupon distributed in the stores with "today only" (or similar) language within the applicable statute of limitations.

15. The class numbers over forty (40) persons and is so numerous that joinder of all members is impracticable, and it is further impracticable to bring all such persons before this Court.

16. The injuries and damages to these class members present questions of law and fact that are common to each class member, and that are common to the class as a whole.

17. Defendant has engaged in the same conduct regarding all of the other members of the class asserted in this suit.

18. The claims, defenses, and injuries of the representative Plaintiff are typical of the claims, defenses, and injuries of all those in the class she represents, and the claims, defenses, and injuries of each class member are typical of those of all other members in the class.

19. Plaintiff Pattie will fully and adequately protect and represent the entire class, and all of its putative class members.

20. The identity of all members of this class cannot be determined at this time, but will be so determined at a later time upon obtaining discovery from Defendant and others.

21. The prosecution of separate actions by each member of the class would create a substantial risk of inconsistent or varying adjudications with regard to individual members of the class that would establish incompatible standards of conduct for Defendant.

22. The prosecution of separate actions would also create a substantial risk of adjudication with respect to individual members of the class which, as a practical matter, would be dispositive of the interest of other members not parties to the adjudication, thereby substantially impairing and impeding their ability to protect these interests. Further, the maintenance of this suit as a class action is the superior means of disposing of the common questions which predominate herein.

## FIRST CLAIM FOR RELIEF
### Violation of ORC 1345.01 et seq.

23. Plaintiff realleges and incorporates herein all previous paragraphs of this Complaint.

24. Plaintiff brings this claim on behalf of putative class members who made purchases at an Ohio factory store within 2 years prior to the date of filing of this suit, and thereafter.

25. Those customers are consumers for purposes of ORC 1345.01 et seq.

26. Defendant is a person and a supplier for purposes of ORC 1345.01 et seq.

27. The purchase of Defendant's products is a "consumer transaction" as defined by ORC 1345.01(A) et seq.

28. Defendant continually advertised through its coupons that its products were discounted and discounted for a limited time period.

29. Because Defendant's products were constantly offered at the represented discounted price, such price was in reality Defendant's normal price, and customers never actually received any discount.

30. Defendant, by advertising that its products were discounted when they were not, and by advertising that its products were discounted for a limited duration when they were not, was thus representing that its products had benefits that they did not have, which is a violation of ORC 1345.02(B)(1).

31. In addition, Defendant, by advertising that its products were discounted when they were not, and by advertising that its products were discounted for a limited duration when they were not, was also representing that its products had a specific price advantage when they did not, which is a violation of ORC 1345.02(B)(8).

32. These practices have already been found to be a violation of ORC 1345.01 et. seq. by Ohio courts. See *State ex rel Celebrezze v. Nationwide Warehouse & Storage, Inc.*, Case No. 90CVH086199 (Franklin Comm. Pleas, 1990), *State of Ohio ex rel. Rogers v. Indoor Environmental Air Consulting, LLC*, Case No. 08 CVH 03 4028 (Franklin Comm. Pleas, 2008) and *State of Ohio ex rel. Petro v. Craftmatic Organization, Inc.*, Case No. 05-CVH-06-06060 (Franklin Comm. Pleas 2005).

33. As a direct and proximate result of Defendant's violations, those customers have been injured in an amount to be established at trial.

## SECOND CLAIM FOR RELIEF
### Breach of Contract

34. Plaintiff realleges and incorporates herein all previous paragraphs of this Complaint.

35. Plaintiff and the putative class members entered into a contract with Defendant.

36. The contract provided that Plaintiff and the putative class members would pay Defendant for its products.

37. The contract further provided that Defendant was selling its products to Plaintiff and the putative class members at a discount. The contract includes a specific term that the customer is receiving a 50% discount. That term was breached.

38. The contract was in the following (and/or similar) forms:



**COACH**
NEW YORK



TAKE AN EXTRA 50% OFF

# HANDBAGS
# TRAVEL
# WATCHES
# JEWELRY
# SUNWEAR
# SCARVES
# HATS
# GLOVES
# SMALL ACCESSORIES
# +CLEARANCE

VALID TODAY ONLY IN THIS COACH FACTORY LOCATION*



F S 0 0 0 2 S 0

*Footwear, Outerwear, Fragrance, Product Care and Men's priced as marked. May not be used in conjunction with other coupons or discounts. Not valid on previously purchased merchandise. Does not apply towards the purchase of gift cards.



COACH NEW YORK
TAKE AN ADDITIONAL
50% OFF
YOUR ENTIRE PURCHASE
VALID TODAY ONLY IN COACH FACTORY STORES

39. Plaintiff and the putative class members paid Defendant for these products, and satisfied all other conditions, or same were waived.

40. However, Defendant breached the contract by charging Plaintiff and the putative class members what was actually the full price of these products rather than the purported discount that Defendant advertised.

41. As a direct and proximate result of Defendant's breach, Plaintiff and the putative class members have been injured.

### THIRD CLAIM FOR RELIEF
### Unjust Enrichment

42. Plaintiff realleges and incorporates herein all previous paragraphs of this Complaint.

43. Defendant charged Plaintiff and the putative class members for its products.

44. Defendant represented that these products were discounted and that these discounts were only available for a limited time.

45. As detailed above, the products were not actually discounted, but were the same full price at all times. Further, the discounts were not for a limited time period as Defendant advertised, but were available continuously.

46. Plaintiff and the putative class members paid for the products.

47. Because the products were advertised as being discounted when, in reality, they were not, Plaintiff and the putative class members paid more than they would have had the products actually been discounted.

48. As a result of these actions, Defendant received benefits under circumstances where it would be unjust to retain these benefits.

49.  As a direct and proximate result of Defendant's acts, Defendant must disgorge all such unjust revenue and return it to Plaintiff and the putative class members.

## FOURTH CLAIM FOR RELIEF
### Fraud

50.  Plaintiff realleges and incorporates herein all previous paragraphs of this Complaint.

51.  Defendant represented to Plaintiff and the class members that they were receiving a discount on the purchased items and that the discount was available only on the days she made her purchase.

52.  These representations about price are material to the sale of products.

53.  These representations about the duration of the advertised discount are material to the sale of products.

54.  The prices Defendant represents as being 50% off are false, since they are not 50% off at all.

55.  The duration of the discount is false, since the same discount is offered continuously.

56.  For Plaintiff Pattie, the prices she paid for her purchases described in this complaint were not discounted prices at all, and Defendant's representation to the contrary was false. They were the retail and every day prices of the items, not discounted prices.

57.  Defendant knew that Plaintiff and the putative class members would be misled by these representations.

58.  Defendant intended that Plaintiff and the putative class members would rely on these representations of a discounted price and that this discount would only be available for a

limited time period, in order to lure customers into making purchases the day they were actually in the store.

59. Defendant had no intention of ever offering Plaintiff and the putative class members a discount at the time it made its representations of a discount since it knew the advertised discounted price was actually the regular every day price.

60. Defendant had no intention of ever limiting the duration of the discount as represented on the coupons to "today only" since it offered this same discount day after day.

61. Plaintiff and the putative class members justifiably relied on these representations of discounts and therefore purchased products from Defendant.

62. Plaintiff and the putative class members were thus harmed by Defendant's fraudulent representations. They were harmed in at least the amount of the discount they did not receive.

**PRAYER FOR RELIEF**

**WHEREFORE** Plaintiff demands judgment as follows:

1. For an Order determining at the earliest possible time that this matter may proceed as a class action under Civil Rule 23 and certifying this case as such;

2. For compensatory damages;

3. For punitive damages;

4. For reasonable costs and attorney fees necessarily incurred herein pursuant to common law and R.C. § 1345.09(F).

5. For such other or further relief as this Honorable Court deems Plaintiff and the class entitled.

Respectfully submitted,

*signature*

Patrick J. Perotti, Esq. (#0005481)
Nicole T. Fiorelli, Esq. (#0079204)
Frank A. Bartela, Esq. (#0088128)
**DWORKEN & BERNSTEIN CO., L.P.A.**
60 South Park Place
Painesville, Ohio 44077
(440) 352-3391  (440) 352-3469 Fax
Email: *pperotti@dworkenlaw.com*
*nfiorelli@dworkenlaw.com*
*fbartela@dworkenlaw.com*

## **JURY DEMAND**

Now comes Plaintiff, by and through counsel, and hereby requests that the within matter be tried by a jury of the maximum number allowed by law.

*signature*

Patrick J. Perotti, Esq. (#0005481)
**DWORKEN & BERNSTEIN CO., L.P.A.**

One of the Attorneys for Plaintiff