IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JULIE PATTIE, | ) | Case No. 1:14-CV-00628-PAG |
| | ) | |
| Plaintiffs, | ) | Judge Patricia A. Gaughan |
| | ) | Magistrate Judge Baughman |
| v. | ) | |
| | ) | |
| COACH, INC. | ) | |
| | ) | |
| Defendant. | ) | |

### DEFENDANT COACH, INC.'S PARTIAL MOTION TO DISMISS

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant Coach, Inc. ("Coach") moves this Court to dismiss with prejudice Plaintiff's Ohio Consumer Sales Practices Act ("OCSPA") class claim, her class and individual OCSPA claim under O.R.C. 1345.02(B)(1), and her class and individual breach of contract claim for failure to state a claim upon which relief can be granted. In addition, pursuant to Fed. R. Civ. P. 9(b), Coach moves to dismiss with prejudice Plaintiff's class and individual fraud claim and unjust enrichment claim based on fraud in the inducement for failure to plead those claims with particularity.

A brief in support of Coach's Motion to Dismiss is attached.

Respectfully submitted,

/s/ Matthew C. O'Connell
MATTHEW C. O'CONNELL (0029043)
CHRISTINA J. MARSHALL (0069963)
BRIAN E. ROOF (0071451)
THERESA M. BRATTON (0086633)
Sutter O'Connell Co.
1301 East 9th Street
3600 Erieview Tower
Cleveland, OH 44114
(216) 928-2200 phone
(216) 928-4400 facsimile
moconnell@sutter-law.com
cmarshall@sutter-law.com
broof@sutter-law.com
tbratton@sutter-law.com

*Counsel for Coach, Inc.*

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JULIE PATTIE, | ) | Case No. 1:14-CV-00628-PAG |
| | ) | |
| Plaintiffs, | ) | Judge Patricia A. Gaughan |
| | ) | Magistrate Judge Baughman |
| v. | ) | |
| | ) | |
| COACH, INC. | ) | |
| | ) | |
| Defendant. | ) | |

**BRIEF IN SUPPORT OF DEFENDANT COACH, INC.'S
PARTIAL MOTION TO DISMISS**

I.  **INTRODUCTION**

Plaintiff Julie Pattie has brought a putative class action against Defendant Coach, Inc. ("Coach") for alleged violations of the Ohio Consumer Sales Practices Act ("OCSPA"), breach of contract, unjust enrichment and fraud. These class claims arise from the distribution of in-store coupons at Coach's Ohio factory stores in which potential customers were offered 50% off their purchase. Plaintiff's Complaint, with the lone exception of the individual OCSPA claim under O.R.C. 1345.02(B)(8), should be dismissed with prejudice for the following reasons:

1. Plaintiff OCSPA's class claims do not satisfy the prior notice requirement under O.R.C. 1345.09(B);

2. Plaintiff's individual and class OCSPA claims under O.R.C. 1345.02(B)(1) do not apply to misrepresentations regarding price, which is the only claim in this case;

3. Plaintiff's allegations do not establish a meeting of the minds regarding the subject of the contract, the purchase price, or the parties to the contract to establish a breach of contract claim;

4. Plaintiff has failed to plead her fraud claim with particularity as required by Fed. R. Civ. P. 9(b); and

2

5. Plaintiff's unjust enrichment claim is based on fraud in the inducement, which also requires Plaintiff to plead that claim with particularity, which she has not done.

First, Plaintiff's OCSPA class claim does not satisfy the statute's class action requirement. The OCSPA permits a customer (i.e., Plaintiff) to pursue a class action, but the customer must allege that the supplier (i.e., Coach) had prior notice, either through a rule adopted by the Ohio Attorney General or an Ohio court decision, that the supplier's alleged conduct was deceptive. Plaintiff cannot satisfy this prior notice requirement.

Plaintiff relies on three court cases for prior notice. The problem is that two of the cases involve consent judgments and the other is a default judgment. Federal courts do not recognize a consent judgment as a court "decision" for purposes of the prior notice requirement in the OCSPA. The same rationale is true for a default judgment. Therefore, Plaintiff has not satisfied the prior notice requirement and the OCSPA class claim should be dismissed.

Even if the three cases were Ohio court "decisions," they are not substantially similar to Coach's alleged conduct to qualify as prior notice. The court decisions have to be substantially similar to the allegations against the supplier to qualify as prior notice. If not, dismissal of the OCSPA class claim is required. All three cases referenced in Plaintiff's Complaint involve out-of-store advertisements, but Plaintiff's allegations arise from in-store coupons that were provided to potential customers upon entering Coach's Ohio factory stores. As demonstrated by O.A.C. 109:4-312, which outlines only prohibited out-of-store advertisements, Ohio law distinguishes between in-store coupons and out-of-store advertisements.

In addition, Plaintiff's referenced cases involve additional alleged conduct, such as sweepstakes and direct sales to customers at their homes, none of which is applicable to Coach. Furthermore, the three cases involve suppliers in the home improvement business, the furniture business, and the mattress business, which are not related to Coach's retail fashion accessories business. As courts have repeatedly concluded, cases that involve industries and

3

conduct very different from the supplier's do not satisfy the prior notice element. Accordingly, Plaintiff's OCSPA class claim should be dismissed with prejudice.

Second, Plaintiff contends that Coach's 50% off in-store coupon violates O.R.C. 1345.02(B)(1), which prohibits suppliers from representing that its product "has sponsorship, approval, performance characteristics, accessories, uses, or benefits that it does not have." Ohio courts have concluded that this statutory provision does not apply to price comparisons, but rather to the actual quality, sponsorship and features of the product. Plaintiff has alleged no such misrepresentations. Plaintiff's class and individual claims under O.R.C. 1345.02(B)(1) should be dismissed with prejudice.

Third, Plaintiff's breach of contract claim also must be dismissed with prejudice. A coupon cannot serve as a basis for a breach of contract. The coupon does not establish a meeting of the minds regarding the subject of the contract, the parties, or the price. Without a meeting of the minds as to the specific terms there is no contract and Plaintiff's class and individual breach of contract claim should be dismissed with prejudice.

Finally, Plaintiff failed to plead with particularity her fraud claim and unjust enrichment claim based on fraud in the inducement, as required by Fed. R. Civ. P. 9(b). Plaintiff's Complaint does not allege the specifics of date, time, place, and the individual making the representation. Without these specifics, Rule 9(b) is not satisfied and the class and individual fraud and unjust enrichment claims should be dismissed with prejudice.

As established below, Plaintiff's Complaint, with the exception of the individual OCSPA claim under O.R.C. 1345.02(B)(8), should be dismissed with prejudice.

**II.     PLAINTIFF'S ALLEGATIONS**

Plaintiff claims she shopped at Coach's Ohio factory stores on several occasions, the

4

most recent being spring 2013.[1] (Complaint ("Comp.") ¶ 5). She does not claim to have received or viewed any advertising prior to arriving at Coach's Ohio factory stores, but alleges that, upon entering the store, a Coach employee gave her a coupon. (*Id.* ¶ 6). She also alleges the coupon contained the following and/or similar language: "TAKE AN ADDITIONAL 50% OFF YOUR PURCHASE VALID TODAY ONLY IN THIS COACH FACTORY LOCATION." (*Id.*).

Plaintiff purchased unspecified items, believing she was receiving a price advantage that was available for a limited time. (*Id.* ¶ 7). Plaintiff alleges that Coach has been distributing these in-store coupons "nearly every day" in its Ohio factory stores, which created a situation where the prices of Coach's factory store items were never actually discounted but remained the same at all times. (*Id.* ¶¶ 8-11). As a result, Plaintiff contends she did not receive the discount as represented in the coupon. (*Id.* ¶ 12).

Plaintiff brings this action "on behalf of herself and all other similarly situated persons, to wit: all Ohio residents who purchased a product using a Defendant's percentage-off discount coupon distributed in the stores with 'today only' (or similar) language within the applicable statute of limitations." (*Id.* ¶14). On behalf of herself and the putative class, she asserts the following claims; (1) OCSPA claim under O.R.C. 1345.02(B)(1) and (B)(8); (2) breach of contract; (3) unjust enrichment; and (4) fraud.

## III.  LEGAL STANDARD

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007)). "[I]f no law supports the claim made, if the facts

---

[1] By filing this Motion to Dismiss, Coach does not admit any of the allegations in Plaintiff's Complaint.

5

alleged are insufficient to state a claim, or if the face of the complaint presents an insurmountable bar to relief," dismissal pursuant to Rule 12(b)(6) is appropriate. *Han v. Univ. of Dayton*, 2013 U.S. App. LEXIS 22788, 5-6 (6th Cir. 2013) (*citing Twombly*, 550 U.S. at 561-64).

Although the Complaint should be liberally construed in Plaintiff's favor, conclusions of law or unwarranted inferences of fact cast in the form of factual allegations should not be accepted. *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 679. Rather, the Complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory. *Twombly*, 550 U.S. at 562. Merely pleading facts that are consistent with a defendant's liability or that permit the court to infer misconduct is insufficient to constitute a plausible claim. *Iqbal*, 556 U.S. 678 (citing *Twombly*, 550 U.S. 557). Plaintiff cannot satisfy this Rule 12(b)(6) standard.

## IV. ARGUMENT AND ANALYSIS

### A. Plaintiff has not, and cannot, satisfy OCSPA's prior notice element.

Plaintiff's OCSPA class claim alleges that Coach's in-store 50% off coupons violated O.R.C. 1345.02(B)(1) and (B)(8). (Compl., ¶¶ 30-31). These claims cannot survive this Motion to Dismiss.

The OCSPA prohibits suppliers from committing unfair, deceptive, or unconscionable consumer sales practices outlined in O.R.C. 1345.02 and 1345.03. *McKinney v. Bayer Corp.*, 744 F. Supp. 2d 733, 742-743 (N.D. Ohio 2010); *Suttle v. DeCesare*, 2003-Ohio-2866, ¶ 29 (8th Dist. June 5, 2003). A consumer may pursue a class action for an OCSPA violation. *Marrone v. Phillip Morris USA, Inc.*, 110 Ohio St. 3d 5, 6 (2006).

However, pursuant to O.R.C. 1345.09(B), a prerequisite for a class action is that the "supplier acted in the face of prior notice that its conduct was deceptive or unconscionable." *Id.*, at 7. The consumer can satisfy this prior notice requirement only by: (1) a rule adopted by the Ohio Attorney General; or (2) an Ohio court decision made available for public inspection by the Attorney General. *Id.*, at 7-8. If Plaintiff cannot satisfy this prior notice requirement, then the

OCSPA class claim must be dismissed. *Robins v. Global Fitness Holdings*, LLC, 838 F. Supp. 2d 631, 649 (N.D. Ohio 2012). That is exactly the outcome required here.

Plaintiff relies on the following three "decisions" to satisfy the prior notice element: *State ex rel Celebrezze v. Nationwide Warehouse & Storage, Inc.*, Case No. 90CVH086199 (Franklin Comm. Pleas, 1990) (Ex. A); *State of Ohio ex rel. Rogers v. Indoor Environmental Air Consulting, LLC*, Case No. 08 CVH 03 4028 (Franklin Comm. Pleas, 2008) (Ex. B); and *State of Ohio ex rel. Petro v. Craftmatic Organization, Inc.*, Case No. 05-CVH-06-06060 (Franklin Comm. Pleas 2005) (Ex. C). (Comp. ¶ 32).[2]

These "decisions" do not constitute prior notice for two reasons: (1) two of the cases cited by Plaintiffs (*Nationwide Warehouse* and *Craftmatic*) are consent judgments and the other (*Indoor Environmental*) is a default judgment, which courts have concluded are not a "decision" for purposes of prior notice; and (2) the out-of-store advertisements, the businesses, and other conduct in these cases are not substantially similar to Coach's alleged practice of offering in-store coupons for potential purchases.

### 1. Only a decision on the merits constitutes proper notice.

Federal courts in Ohio repeatedly have concluded that consent judgments are not "decisions" for purposes of prior notice under O.R.C. 1345.09(B). *See Kline v. Mortgage Elec. Sec. Sys.*, No. 3:08cv408, 2010 U.S. Dist. LEXIS 143391, 24-25 (S.D. Ohio Dec. 30, 2010); *Robins*, 838 F. Supp. 2d at 649; *Gascho v. Global Fitness Holdings*, LLC, 863 F. Supp. 2d 677, 693 (S.D. Ohio 2012); *Smith v. Transworld Sys.*, No. C-3-96-166, 1997 U.S. Dist. LEXIS 23775, 24 (S.D. Ohio July 31, 1997).[3] In *Gascho*, the Southern District of Ohio expressly held,

---

[2] Plaintiff does not rely on an Ohio Attorney General rule.
[3] All LEXIS cases are attached as Ex. D.

"consent judgments do not contain 'determin[ations] by a court of this state[,]' as that phrase is used in Ohio Revised Code § 1345.09(B)." 863 F. Supp. 2d at 694.

Federal courts have provided compelling rationale in concluding that consent judgments do not satisfy O.R.C. 1345.09(B)'s prior notice requirement. In *Smith v. Transworld Sys., Inc.*, No. C-3-96-166, 1997 U.S. Dist. LEXIS 23775, at *6 (S.D. Ohio July 31, 1997), the court concluded that "consent judgments…are of little, if any, precedential value." The Sixth Circuit explained in *Williams v. Vukovich*, 720 F.2d 909, 920 (1983), that a "court [adopting a consent decree] has no occasion to resolve the merits of the disputed issues or the factual underpinnings of the various legal theories advanced by the parties." The *Gascho* court further reasoned that "[a]lthough a consent judgment may contain analysis, courts do not view this analysis as precedential because the judgment does not reflect an adjudication by the court as to the underlying issues." 863 F. Supp. 2d at 694. *Nationwide Warehouse* and *Craftmatic* are both consent judgments, and therefore do not qualify as prior notice.

This same reasoning applies to default judgments. Like a consent judgment, a default judgment has not been adjudicated on the merits and therefore has no precedential value. See *Hahn v. Doe*, 1995 Ohio App. LEXIS 1057, 11 (Franklin County Mar. 23, 1995). For this reason, *Indoor Environmental* does not qualify as a "decision" for purposes of notice. Because all three cases relied upon by Plaintiff for prior notice are not "decisions" under O.R.C. 1345.09(B), Plaintiff's class OCSPA claim should be dismissed with prejudice.

### 2. **Plaintiff's "decisions" do not involve conduct that is substantially similar to Coach's alleged violations.**

Even assuming Plaintiff's three cases are "decisions" for purposes of prior notice, they still do not satisfy O.R.C. 1345.09(B). For a court decision to satisfy the prior notice element, the decision "'must have put the defendant on notice that the <u>specific conduct</u> violated'" the OCSPA. *Marrone,* 110 Ohio St. 3d at 10 (emphasis added). The Supreme Court of Ohio has held "there must be <u>substantial similarity</u> between a defendant's alleged violation of the

8

[OCSPA] and an act or practice previously declared deceptive by…a court decision that was publicly available when the alleged violation occurred." *Id.* (emphasis added). *See also Robins*, 838 F. Supp. 2d at 648. The Supreme Court of Ohio concluded: "Cases that involve industries and conduct very different from the defendant's do not provide meaningful notice of specific acts or practices that violate the [OCSPA]." *Marrone*, 110 Ohio St. 3d at 9. Plaintiff cannot satisfy the substantially similar test for the prior notice element.

In *Robins*, the plaintiffs' claims related to monthly membership contracts for use of fitness facilities. That court distinguished all cases cited by the plaintiff that did not involve the "health spa or fitness industry," finding they were not substantially similar, and thus could not provide notice to the defendant. *Robins*, 838 F. Supp. 2d at 648. The court dismissed plaintiff's OCSPA class claims with prejudice. *Id.*, 649. The same result is warranted here.

As in *Robins*, Plaintiff's proffered cases involve industries distinct from Coach's fashion accessories business. *See Nationwide Warehouse* (furniture); *Indoor Environmental* (home improvement goods and services); and *Craftmatic* (adjustable beds). There are no substantial similarities between the defendants' businesses in those cases and Coach's business that would place Coach on notice its conduct of offering in-store coupons was deceptive.

In addition, the conduct in the three cases is not substantially similar to Coach's alleged conduct. Here, Plaintiff's OCSPA claim is based on Coach providing potential customers in-store coupons when they enter an Ohio factory store. None of the cases on which Plaintiff relies involve in-store coupons but rather, out-of-store advertisements. In fact, the *Craftmatic* case relied on O.A.C. 109:4-312, which applies only to out-of-store advertisements. O.A.C. 109:4-312 ("This rule deals only with out-of-store advertisements…"). This administrative code section is silent to in-store coupons, the alleged deceptive act at issue in this case.

Plaintiff's three cases also involve egregious conduct not at issue with Coach, further distinguishing those cases. In *Nationwide Warehouse*, the defendant regularly advertised its furniture and bedding in newspapers and on television. (*See* Ex. A, "Findings of Fact" ¶ 2).

9

These external advertisements promised "free layaway," but failed to disclose all of the terms and conditions; regularly used the term "public notice" to create the false impression that it was having a special sale; falsely claimed the defendant was a hotel-motel furniture liquidator; and induced customers to comes to its stores on the false premise of being able to take over unclaimed layaway, when the same was not available. (*Id.*, "Conclusions of Law" ¶¶ 4-8). Nowhere in the consent judgment is defendant accused of offering in-store coupons. As such, this "decision" could not put Coach on notice that offering in-store coupons is a deceptive practice.

The *Indoor Environmental* default judgment entry is also dissimilar. "Defendants placed out-of-store advertisements in local newspapers or circulars offering their air duct cleaning services at reduced prices." (Ex. B, "Findings of Fact" ¶ 6). Customers who attempted to take advantage of the alleged discounts scheduled appointments with defendants, but when the defendants arrived at their homes, they sold the customers "additional services by disparaging the advertised air duct cleaning services" or "informing consumers that the advertised air duct cleaning services would not be beneficial without the purchase of additional services." (*Id.*, at ¶ 7). As a result, customers incurred additional charges ranging from hundreds to thousands of dollars. (*Id.*) External solicitations used to induce high-pressure sales inside a consumer's home bear absolutely no resemblance to the allegations in this case.

Finally, the *Craftmatic* defendants created print, audio and video advertising, including sweepstakes, for the purpose of securing "sales leads," with personal contact information about individual consumers. (Ex. C, "Findings of Fact" ¶¶ 3-4). Defendants would contact the sales leads, make a sales appointment, and then arrive at the consumer's home to make an in-home sales presentation. (*Id.*, ¶ 8). The defendants' promotional materials represented a Craftmatic Model II Adjustable bed could be purchased for a price comparable to a "quality flatbed." (*Id.*, ¶ 10). They also misrepresented the quality of the beds, the cost to rent an adjustable bed, and that the beds would "resolve the consumer's medical problems." (*Id.*, ¶¶ 39-41).

In contrast, Plaintiff alleges that Coach distributed promotional coupons inside its own stores. There is no allegation Plaintiff was lured into Coach's Ohio factory stores by external advertising promising discounts. Nor does Plaintiff suggest Coach's sales representatives misrepresented the quality of its fashion accessories or attempted to up-sell Plaintiff. Plaintiff voluntarily visited a Coach factory store, received an in-store coupon and purchased items. These allegations bear no resemblance to the "decisions" cited in Plaintiff's Complaint. Therefore, these dissimilar cases did not put Coach on notice that it was engaging in deceptive or unfair practices, and the OCSPA class claims should be dismissed with prejudice.

### 3. Plaintiff's O.R.C. 1345.02(B)(1) claim has no merit.

Even if this Court determines Coach was on notice that the alleged conduct constituted a deceptive practice, Plaintiff's individual and class claim for violation of O.R.C. 1345.02(B)(1) still fails to allege a claim upon which relief can be granted. That statutory provision prohibits suppliers from representing its product "has sponsorship, approval, performance characteristics, accessories, uses, or benefits that it does not have." O.R.C. 1345.02(B)(1). Other than price, Plaintiff does not identify any particular representation by Coach regarding its products.

In an attempt to qualify Coach's alleged conduct under O.R.C. 1345.02(B)(1) Plaintiff asserts that, "by advertising that its products were discounted when they were not," Coach was representing that its products had a benefit that they did not have. (Comp. ¶30). This is inconsistent with Ohio courts applying O.R.C. 1345.02(B)(1) to claims regarding the quality of the product or its components, not its price. *See Czyzewski v. Dave Arbogast Buick/Pontiac/GMC Truck, Inc.*, 2008-Ohio-2872, (2d Dist., June 13, 2008) (considering whether consumers met their burden of proving that a vehicle salesperson made false statements to the consumers regarding the towing capacity of a motor home); *Gallagher v. WMK Inc.*, 2007-Ohio-6615, (9th Dist., Dec. 12, 2007) (considering propriety of summary judgment in favor of a used van seller in an action by a used van purchaser under O.R.C. 1345.02(B)(1) based on the salesman's alleged representations regarding the safety of a handicapped lift in the van). Price

11

is not a benefit on which a consumer can allege a violation of O.R.C. 1345.02(B)(1). Therefore, Plaintiff, individually and as the putative class representative, cannot state a claim pursuant to O.R.C. 1345.02(B)(1). This portion of the OCSPA claim should be dismissed with prejudice.

### B. <u>Breach of Contract</u>

Plaintiff alleges that the coupons that she received are contracts and that Coach breached those contracts. (Compl., ¶¶ 38, 41). Plaintiff cannot satisfy the first element of a breach of contract claim, which is an existence of a contract. *See Nilavar v. Osborn*, 127 Ohio App. 3d 1, 11 (2nd Dist. 1998) (outlining the elements of a breach of contract claim, including the existence of a contract).

"An enforceable contract in Ohio arises from a meeting of the minds, and 'must . . . be specific as to its essential terms, such as the identity of the parties to be bound, the subject matter of the contract, consideration, a quantity term, and a price term.'" *Scotts Co. v. Cent. Garden & Pet Co.*, 403 F.3d 781, 788 (6th Cir. Ohio 2005) (quoting *Alligood v. Proctor & Gamble Co.*, 72 Ohio App. 3d 309, 311 (1st Dist. 1991)). *See also Telxon Corp. v. Smart Media of Del., Inc.*, 2005-Ohio-4931, P40 (9th Dist); *Nat'l Wholisticenter v. George E. Wilson Co.*, 2002-Ohio-5039, P19 (9th Dist.) ("It is well settled that price is an essential term to a contract."). Plaintiff cannot establish that the coupons created a meeting of the minds on the essential terms of the alleged contract.

In this case, the in-store coupons do not contain the identities of the parties to be bound, the subject matter of the contract, consideration, and/or a price term. Instead, they appear to promote a sale of 50% off a purchase at a Coach factory store, subject to certain exclusions. There was no meeting of the minds for a contract to have formed.

In *Alligood*, the appellate court considered a similar issue, and determined there was no valid contract. *Alligood*, 72 Ohio App. 3d 309. Procter & Gamble's boxes of diapers contained a statement explaining that proof-of-purchase symbols could be redeemed toward products at a reduced cost. *Alligood*, 72 Ohio App. 3d at 310. When Procter & Gamble discontinued the

12

promotion, plaintiffs brought a class action lawsuit alleging breach of contract. *Id.*, at 310-311. Procter & Gamble argued that the promotional material on its boxes of diapers did not constitute a contract. The court agreed, finding that only one party was identified, the subject matter of the contract and consideration required of the offeree was too vague, and there was no price term. *Id.* at 312. *See also Zaugg v. Toledo Fiberglass Credit Union*, 1988 Ohio App. LEXIS 4256, 5 (Lucas County Oct. 28, 1988) (a "general advertisement in a newspaper for the sale of goods is a mere invitation to enter into a bargain, and is not an offer.")

In addition, the Lake County Court of Common Pleas applied the *Alligood* opinion and concluded that a retailer's advertisement did not constitute a contract. *William J. Henry v. Michaels Stores, Inc.*, No. 12 CV 001097 (October 23, 2012) (Ex. E). In dismissing the breach of contract claim, the court found that "only one of the parties [was] identified" in the advertisement, and the "price term [was] ambiguous." *Id.* p. 3. As such, the advertisement lacked the requirements to create a valid contract. *Id.*

Like the promotional materials in *Alligood* and *Michaels Stores*, the in-store coupons do not contain specifics as to any essential terms. Only one party (Coach) is identified; the subject matter of the transaction is vague; no quantity is stated; and price is left undefined. As such, there is no valid contract, and the breach of contract claim should be dismissed with prejudice.

C.  **Plaintiff did not plead her fraud claim with particularity.**

When fraud is alleged, Rule 9(b) requires that "the circumstances constituting fraud…be stated with particularity." Fed. R. Civ.P. 9(b). *See also Bovee v. Coopers & Lybrand, C.P.A.*, 272 F.3d 356, 361 (6th Cir. 2001). The complaint must "allege [at least] the time, place, and content of the alleged misrepresentation on which [plaintiff] has relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *DeNude v. Consolidated Capital of North America, Inc.*, 288 F. Supp. 2d 844, 855 (N.D. Ohio 2003) (quoting *Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 322 (6th Cir.1999))(internal quotations omitted). Plaintiff has not satisfied the Rule 9(b) standard.

13

This heightened pleading standard serves three purposes: (1) it ensures that defendants have the specific notice necessary to prepare a response; (2) it prevents prospective plaintiffs from engaging in a fishing expedition to uncover wrongs; and (3) it protects defendants' reputations against damage stemming from accusations of immoral conduct. *Bledsoe v. Cmty. Health Sys.*, 501 F.3d 493, 503 n. 11 (6th Cir. 2007). See also *Brewer v. Monsanto Corp.*, 644 F. Supp. 1267, 1273 (M.D.Tenn. 1986). Dismissal is appropriate where a plaintiff fails to plead with sufficient particularity. *See Castrataro v. Urban*, 155 Ohio App. 3d 597, 605 (5th Dist. 2003).

Here, Plaintiff fails to allege the time, date, place or the individuals involved. She does not allege a specific time but rather, the broad and vague period of spring 2013. (Comp. ¶ 5). She fails to acknowledge which Coach Ohio factory store or stores she visited. She fails to identify the individuals handing her the coupons or the specific items purchased. This is insufficient to provide Coach with the notice required by Rule 9(b). Based on the Plaintiff's own Complaint, her fraud claim should be dismissed with prejudice.

### D. Plaintiff did not plead its unjust enrichment claim based on fraud in the inducement with particularity.

Plaintiff alleges that her relationship with Coach was covered by a contract. Therefore, in the absence of fraud, her unjust enrichment claim should be dismissed. *DavCo. Acquisition Holding, Inc. v. Wendy's Int'l, Inc.*, 2008 U.S. Dist. LEXIS 27108, 31-32 (S.D. Ohio Mar. 18, 2008). To the extent Plaintiff argues she was fraudulently induced to enter into a contract, and therefore the contract is in dispute, her unjust enrichment claim is subject to the same particularity requirements stated above. *Amarado Oil Co. v. Davis*, No. 5:12cv627, 2013 U.S. Dist. LEXIS 133571, 33 (N.D. Ohio Sept. 17, 2013). Because Plaintiff has not stated her fraud claim with particularity, any unjust enrichment claim based on fraud in the inducement is likewise fatally flawed and should be dismissed with prejudice.

## IV. Conclusion

For the reasons stated above, Plaintiff's OCSPA class claim, including class and individual O.R.C. 135.02(B)(1) claims (Count I), Plaintiff's class and individual breach of contract claims (Count II), Plaintiff's class and individual unjust enrichment claims (Count III), and Plaintiff's class and individual fraud claims (Count IV) should be dismissed with prejudice. The only remaining claim is Plaintiff's individual OCSPA claim under O.R.C. 1345.02(B)(1).

Respectfully submitted,

/s/ Matthew C. O'Connell
MATTHEW C. O'CONNELL (0029043)
CHRISTINA J. MARSHALL (0069963)
BRIAN E. ROOF (0071451)
THERESA M. BRATTON (0086633)
Sutter O'Connell Co.
1301 East 9th Street
3600 Erieview tower
Cleveland, OH 44114
(216) 928-2200 phone
(216) 928-4400 facsimile
moconnell@sutter-law.com
cmarshall@sutter-law.com
broof@sutter-law.com
tbratton@sutter-law.com

*Counsel for Coach, Inc.*

**CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 7.1(f)**

I certify that this case has not been assigned to a track and that this memorandum adheres to the page limitation for standard unassigned cases set forth in Local Rule 7.1(f) of the United States District Court for the Northern District of Ohio.

/s/ Matthew C. O'Connell
MATTHEW C. O'CONNELL (0029043)

**CERTIFICATE OF SERVICE**

Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

/s/ Matthew C. O'Connell
MATTHEW C. O'CONNELL (0029043)