FILED
IN THE COURT OF COMMON PLEAS
LAKE COUNTY, OHIO

RECEIVED OCT 25 2012

| | | |
|---|---|---|
| WILLIAM J. HENRY, | ) | CASE NO. 12CV001097 |
| Plaintiff | ) | |
| vs. | ) | JUDGMENT ENTRY |
| | ) | |
| MICHAELS STORES, INC., | ) | |
| Defendant | ) | |

The within cause came on for consideration this day, to wit: October 22, 2012 upon the following:

1. Defendant's Motion to Dismiss filed July 3, 2012;

2. Plaintiff William J. Henry's Brief in Opposition to Defendant Michaels Stores' Motion to Dismiss filed August 3, 2012;

3. Defendant's Reply Brief in Support of Motion to Dismiss filed August 10, 2012; and

4. Plaintiff's Surreply Brief in Support of Opposition to Motion to Dismiss, filed September 10, 2012.

This case arises from Plaintiff William J. Henry's ("Plaintiff") Complaint against Defendant Michaels Stores, Inc. ("Michaels") alleging breach of contract, unjust enrichment, fraud, and a violation of the Ohio Consumer Sales Practices Act. Michaels has now moved this Court for an order dismissing Plaintiff's Complaint pursuant to Civ.R. 12(B)(6).

This matter arises from the following facts: Around September 21, 2011, Plaintiff went to the Michaels store in Mentor, Ohio to have a poster framed. Plaintiff decided to patronize Michaels in particular because Michaels advertised a 40% off sale on framing products and/or services. Plaintiff contracted with Michaels and paid to have his poster framed. Plaintiff alleges that he subsequently learned that this sale was ongoing, which



created a situation where the prices of framing products and/or services are never actually discounted but remain the same at all times. Plaintiff then filed the instant matter, claiming that he did not receive the advertised discount off of Michaels' regular prices.

In support of its Motion, Michaels contends that Plaintiff's Complaint should be dismissed because he fails to allege any actual damages or injury. In addition, with regard to Plaintiff's breach of contract claim, Michaels asserts that the terms of the contract do not include peripheral advertisements, and even if they did, Plaintiff does not allege that Michaels has breached any contractual term. Finally, Michaels contends that Plaintiff has failed to plead fraud with sufficient particularity.

In response, Plaintiff argues that the damages he has alleged are equivalent to the advertised discount that he did not receive. Plaintiff also contends that the advertisement was a part of the contract in this situation. Further, Plaintiff argues that he has pled fraud with sufficient particularity in that he has alleged the circumstances constituting the fraud, including the time, place and content.

In its Reply Brief, Michaels asserts that pursuant to R.C. 1345.09, a plaintiff seeking to bring a class action claim must show actual damages. Michaels argues that Plaintiff agreed to pay a particular price for a frame and framing services and he received the same. Moreover, Michaels notes that the cases cited by Plaintiff are consumer protection cases brought by the Ohio Attorney General and not private plaintiffs, who must show actual injury.

In his Surreply Brief, Plaintiff disputes Michaels' characterization of the cases cited in its brief as being of no value and argues that these cases were made available for public inspection under R.C. 1345.05(A)(3). In addition, Plaintiff asserts that the advertisement became part of the contract because it was clear, definite and left nothing open for negotiation.

Upon review, the Court finds Michaels' Motion to Dismiss well taken in part. In considering a Civ.R. 12(B)(6) motion to dismiss, all of the factual allegations of the complaint must be taken as true and all reasonable inferences must be drawn in favor of the nonmoving party. *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192, 532 N.E.2d 753 (1988). A Civ.R. 12(B)(6) motion to dismiss is a procedural device for testing the

2

sufficiency of the complaint and is confined to averments in the pleadings. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548, 605 N.E.2d 378 (1992). Before a court can sustain a Civ.R. 12(B)(6) motion to dismiss, it must appear beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *O'Brien v. Univ. Community Tenants Union*, 42 Ohio St.2d 242, 245, 327 N.E.2d 753 (1975).

Furthermore, "a complaint should not be dismissed merely because a plaintiff's allegations do not support the particular legal theory he advances, for the court is under a duty to examine the complaint to determine if the allegations provide for relief on any possible theory. Nor should a complaint be dismissed that does not state with precision all the elements that give rise to a legal basis for recovery." (Citations omitted.) *Rogers v. Targot Telemarketing Services*, 70 Ohio App.3d 689, 692, 591 N.E.2d 1332 (10th Dist. 1990).

### Plaintiff's Breach of Contract Claim

In order to have an enforceable contract, there must exist a meeting of the minds of the parties to said contract. *Alligood v. Procter & Gamble Co.*, 72 Ohio App.3d 309, 311, 594 N.E.2d 668 (1st Dist. 1991), citing *Noroski v. Fallet*, 2 Ohio St.3d 7, 442 N.E.2d 1302 (1982). "A valid contract must also be specific as to its essential terms, such as the identity of the parties to be bound, the subject matter of the contract, consideration, a quantity term, and a price term." *Alligood.* (Citations omitted).

The Court finds that the advertisement in question lacks the requirements to create a valid contract. Only one of the parties is identified. Further, by Plaintiff's own assertion, the price term is ambiguous. "A contract indefinite at the time of its making is not binding." *Alligood*, citing *Preston v. First Bank of Marietta*, 16 Ohio App.3d 4, 473 N.E.2d 1210 (4th Dist. 1983). Accordingly, the Court finds that the advertisement did not constitute a contract and as such, Plaintiff's breach of contract claim shall be dismissed.

### Plaintiff's Fraud Claim

"The elements of fraud are (a) a representation or, where there is a duty to disclose, concealment of a fact, (b) which is material to the transaction at hand, (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether

3

it is true or false that knowledge may be inferred, (d) with the intent of misleading another into relying upon it, (e) justifiable reliance upon the representation or concealment, and (f) a resulting injury proximately caused by the reliance." *Morrow v. Reminger & Reminger Co., L.P.A.*, 183 Ohio App.3d 40, 53, 2009-Ohio-2665, 915 N.E.2d 696 (10th Dist.), citing *Gaines v. Preterm-Cleveland, Inc.* 33 Ohio St.3d 54, 55, 514 N.E.2d 709 (1987). (Citations omitted).

Civ.R. 9(B) provides that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." "The 'particularity' requirement of Civ.R. 9(B) means that the pleading must contain allegations of fact which tend to show each and every element of a cause of action for fraud." *Rieger v. Podeweltz*, 2nd Dist. No. 23520, 2010-Ohio-2509.

Michaels argues that Plaintiff's fraud claim should be dismissed because it is not pled with sufficient particularity. Plaintiff contends that he has alleged the time, place and content of the false representation and that the alleged fraudulent statement was material to the transaction. Further, Plaintiff asserts that he justifiably relied on Michaels' misrepresentations and paid an additional 40% or more for the frame he purchased.

The Court finds that Plaintiff's fraud claim has been pled with sufficient particularity. Michaels' Motion shall therefore be denied on these grounds.

### Plaintiff's remaining claims

Michaels argues that Plaintiff has not alleged any damages or injury in his unjust enrichment claim, his fraud claim or his claim under the Ohio Consumer Sales Practices Act. Plaintiff contends that his damages are equivalent to the advertised discount of 40% that he did not receive. Specifically, Plaintiff contends that the $200.00 that he paid for the framing was the regular price and that he should have only paid 60% of this amount. As such, Plaintiff contends that he is entitled to damages of at least $80.00.

The Court finds that, taking all the factual allegations of the Complaint as true and drawing all reasonable inferences in favor of Plaintiff, it does not appear beyond doubt that Plaintiff can prove no set of facts in support of his remaining claims which would entitle him to relief. Accordingly, Michaels' Motion to Dismiss is denied as to Plaintiff's unjust enrichment claim, fraud claim and his claims under the Ohio Consumer Sales Practices

Act.

WHEREFORE, It is the order of this Court that Michaels' Motion to Dismiss is hereby granted solely as to Plaintiff's Breach of Contract Claim. Michaels' Motion is denied as to Plaintiff's fraud claim, unjust enrichment claim and Plaintiff's claims under the Ohio Consumer Sales Practices Act.

Count 2 is hereby dismissed.

IT IS SO ORDERED.

_____
JOSEPH GIBSON, JUDGE

Copies to:
Nicole T. Fiorelli, Esq.
Brandon D.R. Dynes, Esq.