IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| JULIE PATTIE, individually and on behalf of all others situated, | : : : | CASE: 1:14-cv-00628-PAG |
| Plaintiff, | : : | JUDGE PATRICIA A. GAUGHAN MAGISTRATE JUDGE BAUGHMAN |
| vs. | : : | **PLAINTIFF'S REPLY IN OPPOSITION** |
| COACH, INC., | : : | **TO DEFENDANT'S PARTIAL** **MOTION TO DISMISS** |
| Defendant. | : : : | |

## I. Introduction

Plaintiff, Julie Pattie, filed this putative class action against Coach for its unlawful practice of continuously offering significant percentage-off discounts at its factory stores. Despite the deception to consumers that such discounts are available "today only," these alleged discounts are always in place. Thus, there is no actual discount provided to Defendant's customers. Instead, Defendant's prices are always the same and never discounted. Plaintiff has asserted claims for violation of the Ohio Consumer Sales Practices Act, breach of contract, unjust enrichment, and fraud.

Defendant moved to dismiss Plaintiff's CSPA claim on the basis that its conduct does not violate any provision of the CSPA and further, to dismiss its class action allegations with respect to this claim because it was never afforded any prior notice that its conduct was a violation of the Act. These contentions lack merit because Defendant's conduct clearly violates R.C.

1345.02(B)(1) and (8) and OAC 109:4-3-12(E) and Defendant was on notice through numerous opinions in the Attorney General's public file and via OAC 109:4-3-12(E) which addresses this express conduct.

Defendant also argues that Plaintiff's breach of contract claim must be dismissed because there were no definite price terms. However, here the coupons handed to customers on a nearly daily basis all provided for a clear 50% off discount. Defendant also alleges that Plaintiff cannot plead a claim for unjust enrichment in conjunction with a breach of contract claim; however, courts have repeatedly recognized that these claims can be pled in the alternative.

Lastly, Defendant contends that Plaintiff failed to plead her fraud claim with particularity in accordance with Federal Civ. R. 9, however, the rule is designed to ensure that the defendant understands the claim, which here Defendant clearly does. Plaintiff's fraud claim was sufficiently pled, and even if it were not, the proper remedy is requiring Plaintiff to amend her complaint, not dismissal.

For these reasons, Defendant's motion to dismiss must be denied in its entirety.

## II. Plaintiff's CSPA claim is actionable.

### A. The Defendant was on notice that its conduct was deceptive.

The Defendant claims that it was not on notice that its practice of handing 50% off coupons to customers nearly every day, labeled with "today only" language was deceptive, which precludes plaintiff from bringing an Ohio CSPA claim as a class action. This is false. A supplier is on notice where the subject conduct is specifically proscribed by the statutory CSPA language; is proscribed by any Rule adopted by the Attorney General under the CSPA; or has been found to be deceptive or unconscionable by a judicial decision made available for public

inspection by the Attorney General. R.C. 1345.09(B). This requirement is satisfied in the present matter.

### 1. Notice is satisfied through OAC 109:4-3-12(E)

Defendant spends a significant portion of its brief arguing that the judicial decisions cited by Plaintiff did not sufficiently place it on notice for class liability pursuant to the CSPA. However, Defendant fails to note that a rule issued by the Attorney General can also serve as notice. *Morris v. Heat Surge, LLC*, 2012 U.S. Dist. LEXIS 31600, at *9 (N.D. Ohio 2012) (prior notice may be in the form of (1) a rule adopted by the Attorney General under Ohio Rev. Code Ann. § 1345.05(B)(2) *or* (2) court decision made available for public inspection by the Attorney General under § 1345.05(A)(3)); *St. Clair v. Kroger Co.*, 581 F. Supp. 2d 896, 901 (N.D. Ohio 2008) (same). At OAC 109:4-3-01, et seq., the Attorney General adopted rules defining certain conduct as per se deceptive acts and practices. See OAC 109:4-3-01(A). Those rules are to put suppliers on notice of specific conduct which, in and of itself, is illegal. The conduct here is the subject of one of those rules.

OAC 109:4-3-12(E)[1] provides that "it is *deceptive* for a supplier in its out-of-store advertising to make any price comparison by the use of such terms as 'regularly _____, now _____,' '____ per cent off,' … unless: (a) The comparison is to the supplier's regular price[.]" (Emphasis added). The Plaintiff in this case complains about this specific conduct on the part of the Defendant, i.e., Defendant offered a purported per cent off from a price that was not the Defendant's regular price nearly every day. Defendant's claim that it was "not on notice" that its

---

[1] Defendant notes that Plaintiff did not provide an Ohio Attorney General Rule to support her claim in paragraph 32 that Defendant was on prior notice. The OCSPA does not require Plaintiff to cite every instance of prior notice in her complaint. See *Lilly v. Hewlett-Packard Co.*, 2006 U.S. Dist. LEXIS 22114, at *17-18 (S.D. Ohio 2006) ("the Court is not convinced that § 1345.09 establishes a pleading requirement. Rather, compliance with this section is probably an issue which is best reserved for a motion for class certification."); *In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*, 684 F. Supp. 2d 942, 948 (N.D. Ohio 2009) (basis for prior notice is best addressed at the class certification stage, not a motion to dismiss the complaint).

conduct was deceptive is meritless. Coach has not offered any basis as to why the above cited rule did not place it on notice that its practice violated the CSPA.

Plaintiff further notes that the defense in *Martin v. Lamrite West, Inc.* Cuyahoga County Common Pleas Case No. CV12783766, which also involved continuous sales claims under the CSPA, made the same arguments the defense makes here. See Lamrite West Motion to Dismiss at pp. 2-9, attached hereto as Exhibit A. However, the trial court denied Defendant's motion. Lamrite West, Judgment Entry dated Aug. 1, 2013, attached hereto as Exhibit B. Additionally, in *Henry v. Michaels*, Lake County Common Pleas Case No.12CV001097, which also involved continuous sales claims under the CSPA, the defense did not even raise this issue (they raised different arguments regarding the CSPA claim), and the trial court allowed the claim to go forward. Order attached hereto as Exhibit C.

Even if Defendant's other arguments about the *cases* Plaintiff referred to as evidence of prior notice are correct (they are not, as explained below), OAC 109:4-3-12(E) precludes any argument that Defendant was not on notice.

### 2. The opinions referenced in Plaintiff's complaint were contained in the Attorney General's Public File and also constitute notice under R.C. 1345.09

Although OAC 109:4-3-12(E) provides all the notice that is required under R.C. 1345.09 to bring a class action, Plaintiff also referenced three other decisions contained in the Attorney General's public file. Defendant contends that these decisions do not provide sufficient notice because they are consent judgments; however, courts have concluded that consent judgments provide notice under the OSCPA. In *Charvat v. Telelytics, LLC*, 10th Dist. No. 05AP-1279 2006 Ohio 4623, at 43 (Ohio Ct. App. 2006), the court explained that "a consent judgment's precedential value is not determinative under R.C. 1345.09(B), because the statute specifically

4

refers to a court's determination, not a judgment. Therefore, even within a consent judgment, "an act or practice determined by a court" to violate the OCSPA is actionable under R.C. 1345.09(B)." There is no language in R.C. 1345.09 that prevents consent judgments, or default judgments, from constituting notice; therefore, the cases cited by Plaintiff satisfy the notice requirement necessary for a class action.

3. **Prior cases involve conduct that is substantially similar to Coach's conduct**

Defendant also argues that the three cases cited by Plaintiff cannot constitute notice to Coach that its practices were unlawful because these decisions were not substantially similar to the practices alleged here. In *Marrone v. Philip Morris USA, Inc*., 110 Ohio St.3d 5, 2006-Ohio-2869, 850 N.E.2d 31, the court explained that the previous decision placing the defendant on notice need not be identical, but must only be "substantially similar" to the plaintiff's action. As explained in *Marrone*, at ¶24,

> "there must be a substantial similarity between a defendant's alleged violation of the Act and an act or practice previously declared deceptive by either a rule promulgated by the Attorney General or a court decision that was publicly available when the alleged violation occurred. "Substantial similarity" means a similarity not in every detail, but in essential circumstances or conditions. "Substantial similarity" is the standard used in a variety of legal contexts, but perhaps most applicable here is the use of that standard in products-liability cases when determining whether to admit evidence of past incidents to demonstrate that a defendant had notice that its product was dangerous or defective." (Internal quotations and citations omitted).

Plaintiff has cited to three cases involving substantially similar conduct, *Rogers v. Indoor Environmental Air Consulting, LLC*, Franklin Common Pleas No. 08 CVH 03 4028 (Oct. 23, 2008)*, State ex rel Celebrezze v. Nationwide Warehouse & Storage, Inc*., Case No. 90CVH086199 (Franklin Comm. Pleas, 1990), and *State of Ohio ex rel. Petro v. Craftmatic Organization, Inc*., Case No. 05-CVH-06-06060 (Franklin Comm. Pleas 2005).

5

In *Rogers* v. *Indoor Environmental Air Consulting, LLC*, the defendant advertised air duct cleaning services at reduced prices, i.e., for $49.95, a service with a purported value of $199.95. *Rogers* at ¶ 6. Noting that "the advertisements were published on a continuous basis over a period of many months[,]" the court concluded that the "discounted" advertised price was actually the regular price at which the defendant sold its services. *Id.* at ¶¶ 6, 27. The opinion noted that the defendant's sales practices were deceptive in advertising that its sales price was at least 50% below the regular price when in fact, the sales prices were continuous negating the reality of any "sale." The opinion also stated, "[m]any of the advertisements contained language such as "one week only" or contained offer expiration dates when in fact, the advertisements were published on a continuous basis over a period of many months." *Id.*

The *Rogers* Court further concluded that the defendants "committed unfair or deceptive acts or practices in violation of R.C. 1345.02(B)(8) and Ohio Adm. Code 109 4-3-03(B)(2) by making deceptive offers for the sale of services as a means to secure first contact with consumers, and that Defendants advertised that a specific price advantage existed for a limited time only when the offers actually ran continuously, rendering the limited time provision of the specific price advantage to be untrue and illusory." *Id.*

In *State ex rel Celebrezze v. Nationwide Warehouse & Storage, Inc*., Case No. 90CVH086199 (Franklin Comm. Pleas, 1990), the defendant regularly advertised its products in newspapers, flyers, and television advertisements, routinely representing that its products were on sale when, in reality, the products were always offered to customers at the "sale" prices. The Court, in *Nationwide Warehouse,* held "[a] supplier's practice of advertising identical or similar sales on a continuous basis is an unfair or deceptive act or practice as prohibited by the Price Comparisons Rule, O.A.C. §109:4-3-12(D) and the Ohio Consumers Sales Practices Act…"

6

Similarly, in *State of Ohio ex rel. Petro v. Craftmatic Organization, Inc*., the defendant sold its mattresses at the same price, consistently representing that it was a sale when in fact such price was always in effect. The court's opinion provided that when a supplier uses terms such as "sale," "discount," or "bargain" indicating a reduction in price when the reduction is not a meaningful reduction, the supplier commits an unfair and deceptive act under the OCSPA.

The Plaintiff's complaint alleges conduct identical to the above cited cases, on the part of the Defendant: "Defendant continually advertised through its coupons that its products were discounted and discounted for a limited period of time. Because Defendant's products were constantly offered at the represented discounted price, such price was in reality Defendant's normal price, and customers never actually received any discount." Compl. ¶¶28-29. Thus, upon entering one of Defendant's stores, a customer is presented with a coupon representing a significant percentage-off for that day only. However, such coupons purporting offer a discount of 50% are distributed every day. Compl. ¶¶ 6-8. Furthermore, the Defendant continuously engaged in this deceptive practice such that the consumer never actually received the purported benefit of a discounted price. This conduct is identical to that alleged and found unlawful in *Indoor Environmental*, *Nationwide Warehouse*, and *Craftmatic Organization*.

Defendant first complains that the industries involved in the cited cases are different than Coach's industry. However, the nature of the complaint here – continuous "sales" – has no special relationship to a particular industry. In *Gascho v. Global Fitness Holdings, LLC,* No. 2:11-CV-00436, 2012 U.S. Dist. LEXIS 42366 (S.D. Ohio, Mar. 28, 2012), the Southern District noted that the "ultimate inquiry is whether there is 'substantial similarity,' [and that] does not necessarily preclude a finding that conduct is 'substantially similar' even though the industry is not identical." *Id.* at *40-41;*Marrone*, 110 Ohio St. 3d at at ¶24(explaining that only the

7

"essential circumstances or conditions" must be "substantially similar."). Furthermore, as noted above, the Defendant's actions remain identical to the conduct considered in *Indoor Environmental*, *Nationwide Warehouse*, and *Craftmatic Organization*.

Defendant next complains that the cases Plaintiff cited in the complaint involve out-of-store ads, and this situation involves an in-store ad. Defendant also asserts that OAC 109:4-312 deals with only out of store ads. Like Defendant's arguments regarding the difference in industries, this too is an insignificant distinction. The gravamen of the case is the false and continuous nature of the "sale" price advertised to consumers. The fact that Coach happened to engage in this conduct in-store, and not out, is a distinction without a difference. The crux of the unlawful conduct is that the Defendant entices customers to make a purchase by misrepresenting that the regular prices of its products are reduced by a certain percentage for "today only".  This is the same whether the advertisement was made in a newspaper or handed to a customer as they enter the store.

### B. Plaintiff's ORC 1345.02(B)(1) claim has merit.[2]

R.C. 1345.02(B)(1) provides that a supplier engages in a deceptive practice when it represents that a consumer transaction has benefits which it does not have.  Without citing any authority on this issue, Defendant argues that price is not a benefit as the term is used in the statute.  Defendant argues that Plaintiff has failed to allege any benefit with the product itself that it misrepresented, however, the statute looks to the benefit of the "consumer transaction" not the consumer good itself.

In support of its contention that price cannot be considered a benefit under R.C. 1345.02(B)(1), Defendant cites only to *Czyzewski v. Dave Arbogast Buick/Pontiac/GMC Truck,*

---

[2] Defendant does not challenge the merits of the claim under ORC 1345.02(B)(8) other than on the class component due to its claim of lack of notice.

*Inc.*, 2nd Dist. No. 22187, 2008-Ohio-2872 and *Gallagher v. WMK Inc.*, 9th Dist. No. 23564, 2007-Ohio-6615, which both deal with benefits of the goods themselves. In *Czyzewski*, the court considered whether there were misrepresentations regarding the towing capacity of a motor home. In *Gallagher*, the court addressed representations made regarding a wheelchair lift in a used van. Neither of these cases address Defendant's contention that price cannot be a benefit under R.C. 1345.02(B)(1).

Citing a few hand-picked cases which do not address price, does not provide any basis for the conclusion that price cannot be a benefit under the statute. Courts have repeatedly explained that "[t]he Consumer Sales Practices Act is a remedial law which is designed to compensate for traditional consumer remedies and so must be liberally construed pursuant to R.C. 1.11." *Einhorn v. Ford Motor Co.* (1990), 48 Ohio St. 3d 27, 29, 548 N.E.2d 933. Further, it is well-established that where a term is not defined in a statute, its common meaning is applied. *State ex rel. Baroni v. Colletti*, 130 Ohio St. 3d 208, 2011-Ohio-5351, 957 N.E. 2d 13, at ¶18. Price or discounts can certainly constitute a benefit as understood under the common definition of the term.

In addition, Defendant, by directly advertising that its products were discounted when they were not, and by advertising that its products were discounted for a limited duration when they were not, represented that its products had a specific price advantage when they did not, which is a violation of ORC 1345.02(B)(8). Defendant makes no argument as to why this provision would not constitute a violation.

III. **Plaintiff's breach of contract claim is actionable**.

At this point, during the motion to dismiss stage, Plaintiff has alleged the existence of the contract and the term she contends was breached – the 50% off discount. Compl ¶37. This states a claim.

Defendant argues there was no contract here because the in-store coupons do not contain the identities of the parties to be bound, the subject matter of the contract, consideration, and /or a price term. They cite to the *Michaels* opinion, which itself cited to *Alligood v. Proctor & Gamble Co.*, 72 Ohio App. 3d 309 (1st Dist. 1991). While the trial court in *Michaels* correctly declined to dismiss plaintiff's CSPA, fraud, and unjust enrichment claim, Plaintiff respectfully disagrees with the result it reached on the breach of contract claim.

Under Ohio law a contract can be written or oral, express or implied. Each time a person does business with a retailer, they enter into a binding contract for the sale of goods. There is no writing setting out terms and conditions, yet the contracts between the Plaintiffs and the Defendant are implied-in-fact, and the meeting of the minds is "shown by the surrounding circumstances which make it inferable that the contract exists as a matter of tacit understanding." *Hummel v. Hummel,* 133 Ohio St. 520, 525 (1938).

Here, there is no absence of the "meeting of the minds" regarding any element of the breach of contract claim. In Plaintiff's transaction, like any other customer transaction, the parties to be bound are Coach and the customer. The same is true regarding the subject matter of the contract – the 50% discount – which is in the written coupon. The consideration is the purchase made by the customer. The price term is 50% off the Defendant's regular prices.

Additionally, Plaintiff notes that terms in advertisements (or in this case the coupon) *can* be part of the contract. The defense cited *Alligood v. Proctor & Gamble Co*. (1991), 72 Ohio App. 3d 309, which held an advertisement was not part of the parties' contract, but the court

found it significant that there was no price term included in the advertisement. Id. at 312. In *Alligood*, the Court found that the lack of a price made the contract indefinite, stating "[t]he advertisement states no price term or quantity term. As one Ohio court has stated, a contract indefinite at the time of its making is not binding." The noted deficiency in *Alligood* is not present here. Defendant handed out advertisements which provided for a specific percentage-off discount of the prices in the store for "today only", making the prices easily discernible unlike in *Alligood*.

Similarly, courts have explained that "[i]f the parties' manifestations taken together as making up the contract, *when reasonably interpreted in the light of all the circumstances*, do not enable the court to determine what the agreement is and to enforce it without, in effect, 'making a contract for the parties,' no enforceable obligation results." *Conley v. Lindsay Acura* (1997), 123 Ohio App. 3d 570, 572-573. This rule has been used to prevent advertisements from becoming part of a contract where the terms were unclear. But here the terms are clear—Defendant offered 50% off of its products for "today only". Compl. ¶¶9, 37, 54. Advertisement terms which are "clear, definite, and explicit, and leaves nothing open for negotiation" can be part of the contract. *Stern v. Cleveland Browns Football Club* (Dec. 20, 1996), 11th Dist. No. 95-L-196, 1996 Ohio App. Lexis 5802, at *11; see also *McSweeney v. Jackson* (1996), 117 Ohio App. 3d 623, (finding newspaper advertisement containing price was an offer and plaintiff's down payment was an acceptance resulting in a contract).

**IV.     Plaintiff's fraud claim was pled with particularity.**

The purpose of Civ. R. 9(b) is to ensure "that the allegations are specific enough to inform a defendant of the act of which the plaintiff complains and to enable him to prepare an effective response and defense." *Eiford v. Burt* (Sept. 2, 1994), 2nd Dist. No. 12392, 1994 Ohio

11

App. Lexis 3792, at *18; See also *Factory Direct, Inc. v. Carpenter Co*__**.,**__ 2012 U.S. Dist. LEXIS 5618 (N.D. Ohio 2012) **("**the ultimate question is whether the complaint puts the defendant on sufficient notice of the misrepresentation, enabling them to respond to the allegations of fraud in an informed manner'"); *Pasqualetti v. Kia Motors Am., Inc*., 663 F. Supp. 2d 586, 599 (N.D. Ohio 2009) (**"**These particularity requirements must be considered, but the ultimate question is whether the complaint puts the defendant on "sufficient notice of the misrepresentation," enabling them to respond to the allegations of fraud in an informed manner."). Defendant has not argued that it is unable to answer the allegations based on the information provided. To the contrary, it understands the factual complaint well enough to move to dismiss all of Plaintiff's causes of actions.

Plaintiff has made the requisite showing pursuant to Civ. R. 9(b). Initially, Plaintiff has alleged the time and place of the fraud – she has alleged visiting Defendant's Coach stores on several occasions within the last several years. Compl. ¶5. She has alleged the content of the alleged misrepresentation – the 50% off coupon offered nearly every day, but instructing consumers it was available "today only". Compl. ¶¶54-55. She has alleged the fraudulent scheme – Defendant's false "sale" since the sale price is actually the regular price. Compl. ¶56. She has alleged the fraudulent intent – that the Plaintiff and the putative class members would rely on these representations of a discounted price offered for the limited time of "today only," where there was no intent to offer a discount or limit the duration of the offer, and the injury in the amount of the discount that they never received. Compl. ¶¶57-62.

Notably, the defense made this same argument about lack of particularity in Michaels, which the trial court properly rejected. *Michaels* Order, Exhibit C.

Even in the event that this Court agrees the fraud claim must be pled with more detail, the appropriate remedy is not dismissal, but to allow plaintiff leave to amend. See *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002) (leave to amend is particularly appropriate where the complaint does not allege fraud with particularity); *Stratford v. SmithKline Beecham Corp.*, 2008 U.S. Dist. Lexis 84826, at *24-25 (S.D. Ohio 2008) (dismissing fraud claim without prejudice and allowing plaintiff to amend). Plaintiff request this be ordered here, should the Court find it appropriate.

V. **Plaintiff's unjust enrichment claim is properly pled in the alternative to a breach of contract claim and otherwise satisfies the civil rules pleading requirements.**

Defendant argues that this claim should be dismissed because Plaintiff alleges that her relationship was covered by a contract. However, numerous courts applying Ohio law have held that a plaintiff may plead both breach of contract and unjust enrichment claims. See *Resource Title Agency, Inc. v. Morreale Real Estate Services, Inc.,* 314 F. Supp.2d 763, 772 (N.D. Ohio, 2004)("Unjust enrichment may be pled in the alternative when the existence of an express contract is in dispute …, and may be maintained *despite the existence of an express contract* where there is evidence of fraud, bad faith, or illegality.")(Emphasis added.); *Special Visit Ministry v. Murphy*, 5th Dist. No. 06-CA-26, 2006-Ohio-3571, at ¶25 (stating plaintiff can plead claims under both breach of contract and unjust enrichment theories, but can only recover under one); *National Strategies, LLC v. Naphcare, Inc*., 2011 U.S. Dist. Lexis 85841. at *28 (N.D. Ohio 2011) (unjust enrichment claim should not be dismissed as an alternative theory until the court decides the merits of the plaintiff's breach of contract claim); *King v. Hertz Corp.*, 2011 U.S. Dist. Lexis 35610, at *24 (N.D. Ohio 2011) (noting a plaintiff can plead unjust enrichment and breach of contract as alternative theories); *Brenner Marine v. Goudreau, Jr., Trust* (Jan. 13,

1995), 6th Dist. No. L-93-077, at *13, 1995 Ohio App. Lexis 62 (plaintiff can plead alternative theories of relief, but may only obtain one total recovery).

This is particularly true where the defendant disputes the existence or enforceability of the contract. *Astar Abatement, Inc. v. Cincinnati City School District*, 2012 U.S. Dist. Lexis 18422, at *14 (S.D. Ohio 2012); *Ortega v. Wells Fargo Bank*, 2012 U.S. Dist. Lexis 11409 at *29 (N.D. Ohio 2012) (party may plead unjust enrichment in the alternative to a breach of contract claim where the existence of the contract is at issue); *Taylor Excavating, Inc. v. Abele Tractor & Equipment, Co.*, 2012 U.S. Dist. Lexis 17163, at *24 (N.D. Ohio 2012). Here, Defendant disputes whether the discount of 50%, a key component of Plaintiff's claims, is an enforceable part of Plaintiff's contract. Therefore, as recognized by numerous courts, Plaintiff must be allowed to plead unjust enrichment in the alternative.

Further, as Defendant acknowledges, an unjust enrichment claim may be pled alongside a breach of contract claim where fraud is present. D's Brief at 14. Defendant complains however, that Plaintiff's fraudulent allegations were not adequately pled. For the reasons stated above, this argument is without merit.

VI. **Conclusion**

Defendant has failed to establish any basis for dismissing Plaintiff's complaint. Plaintiff has sufficiently pled violations of R.C. 1345.02(B)(1) and (8) through its practice of continuously advertising significant discounts purported to be available for "today only" which customers never actually received. Plaintiff's breach of contract claim cannot be dismissed because unlike cases cited by Defendant, the coupons continuously distributed here provided for a definite purported discount of 50% off the prices marked in the store. Pleading unjust enrichment in the alternative has been permitted by numerous courts, and should likewise be

permitted here. Finally, Plaintiff's fraud claim has been pled with the sufficient particularity as required under Federal Rule 9.

Therefore, Plaintiff requests that this Court deny Defendant's motion to dismiss.

                                                      Respectfully submitted,

                                                      */s/ Frank A. Bartela*  
                                                      Patrick J. Perotti (0005481)  
                                                      Nicole T. Fiorelli (0079204)  
                                                      Frank A. Bartela (0088128)  
                                                      Dworken & Bernstein Co., L.P.A.  
                                                      60 South Park Place  
                                                      Painesville, OH 44077  
                                                      (440) 352-3391  
                                                      Email:    pperotti@dworkenlaw.com  
                                                                          nfiorelli@dworkenlaw.com  
                                                                          fbartela@dworkenlaw.com

                                                    *Attorney for Plaintiff Julie Pattie*

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 25, 2014, a copy of the foregoing *Reply in Opposition to Defendant's Motion to Dismiss* was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

*/s/ Frank A. Bartela*
Attorney for Plaintiff
