UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Julie Pattie** | ) | **CASE NO. 1:14 CV 628** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **Coach, Inc.** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendant.** | ) | |

**Introduction**

This matter is before the Court upon Defendant Coach, Inc.'s Partial Motion to Dismiss (Doc. 5). This case arises from the distribution of in-store coupons by defendant. For the reasons set forth below, defendant's motion is GRANTED.

**Facts**

Plaintiff, Julie Pattie, brings this putative class action against defendant, Coach, Inc. ("Coach"). Plaintiff has shopped at defendant's factory stores on several occasions, most recently in Spring 2013. (Comp. ¶ 5). On each occasion, plaintiff was given a coupon by one of defendant's employees. The coupon contained the following or similar language: "TAKE AN

1

ADDITIONAL 50% OFF YOUR PURCHASE VALID TODAY ONLY IN THIS COACH FACTORY LOCATION." (Comp. ¶ 6).  Plaintiff purchased items from defendant on these occasions, believing she was receiving a price advantage available for a limited time. (Comp. ¶ 7).  However, these coupons are distributed nearly every day in factory stores. (Comp. ¶ 8).  Consequently, plaintiff contends she did not receive the discount as represented in the coupon because defendant's "products are not discounted but stay constant over time." (Comp. ¶ 11).

Plaintiff originally brought this suit in Lake County on behalf of herself and all other similarly situated Ohio residents who purchased a product using defendant's percentage-off discount coupon.  On behalf of herself and the putative class, plaintiff asserts four claims.  Count One alleges a violation of the Ohio Consumer Sales Practices Act ("OCSPA"), O.R.C. §§ 1345.02(B)(1) and (B)(8).  Count Two is for breach of contract.  Count Three is for unjust enrichment.  Count Four is for fraud.  Defendant removed to this Court on the basis of the Class Action Fairness Act, 28 U.S.C § 1332(d)(2).

This matter is before the Court upon defendant's Partial Motion to Dismiss.  Defendant moves to dismiss all of plaintiff's Complaint, with the sole exception of her individual claim under O.R.C. § 1345.02(B)(8).  Plaintiff opposes the motion.

**Standard of Review**

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the sufficiency of a complaint.  In order to survive a motion to dismiss, a complaint's factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true. *Ass'n of Cleveland Firefighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)).  The

complaint must contain sufficient factual material to state a claim "plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

### Discussion

### A. OCSPA Class Claims

Plaintiff seeks to bring a class action suit on behalf of all similarly situated Ohio residents who purchased a product using defendant's percentage-off discount coupon for violations of O.R.C. §§ 1345.02(B)(1) and (B)(8). Defendant moves to dismiss these class claims because they do not satisfy the prior notice requirement of the OCSPA.

To pursue a class action claim under the OCSPA, plaintiff must allege that defendant had prior notice that its conduct was "deceptive or unconscionable." O.R.C. § 1345.09(B); *Johnson v. Microsoft Corp.,* 155 Ohio App.3d 626, 636, 802 N.E.2d 712 (Ct. App. 2003). To adequately plead prior notice under O.R.C. § 1345.09(B), plaintiff must allege either that "a specific rule or regulation has been promulgated [by the Ohio Attorney General] under R.C. 1345.05 that specifically characterizes the challenged practice as unfair or deceptive," or that "an Ohio state court has found the specific practice either unconscionable or deceptive in a decision open to public inspection." *Johnson,* 155 Ohio App.3d at 636, 802 N.E.2d 712. Lack of prior notice requires dismissal of class action allegations. *Bower v. International Business Machines, Inc.,*

495 F.Supp.2d 837, 841 (S.D. Ohio 2007)

To qualify as sufficient notice, the defendant's alleged violation of the OCSPA must be "substantially similar to an act or practice previously declared to be deceptive by one of the methods identified in R.C. 1345.09(B)." *Marrone v. Philip Morris USA, Inc.*, 110 Ohio St.3d 5, 6, 850 N.E.2d 31 (2006). "Substantial similarity means a similarity not in every detail, but in essential circumstances or conditions." *Id.* at 10.  "Cases that involve industries and conduct very different from the defendant's do not provide meaningful notice of specific acts or practices that violate the CSPA." *Id.* at 9.

Plaintiff points to three cases and one rule which it contends meets the prior notice requirement of § 1345.09(B).  Defendant objects that plaintiff's cases were not decisions on the merits, so she cannot rely on them for prior notice.  And moreover, the conduct at issue in those cases differs substantially from the conduct at issue here.  Defendant also argues that the rule plaintiff cites in her brief does not apply.

Upon review, the Court is unpersuaded that plaintiff's case citations constitute prior notice.[1]  Prior notice may be in the form of "an act or practice determined by [an Ohio court] to violate section 1345.02, 1345.03, or 1345.031 of the Revised Code and committed after the

---

[1] The Court also rejects plaintiff's cursory arguments that two other cases establish prior notice. (Doc. 7 p. 4).  *Martin v. Lamrite West, Inc.*, CV-12-783766 (Cuyahoga Com. Pl. Aug. 1, 2013), which plaintiff cites, is a one paragraph journal entry without any supporting reasoning. (Doc. 7-2).  It also **postdates** plaintiff's allegation that she went to defendant's store in "Spring, 2013," having been issued August 1, 2013.  The Court also rejects *Henry v. Michaels Stores, Inc.*, Case No. 12 CV 001097 (Lake Com. Pl. Oct. 25, 2012).  As plaintiff herself notes, the defendant in that case did not raise the issue of prior notice.  Moreover, that case involved out-of-store advertisements which are not substantially similar to the in-store coupons.

decision containing the determination has been made available for public inspection [by the Attorney General] under division (A)(3) of section 1345.05 of the Revised Code." O.R.C. § 1345.09(B). All three of plaintiff's cases were made public by the Attorney General under § 1345.05. However, *State ex rel. Celebrezze v. Nationwide Warehouse & Storage, Inc.*, 90CVH08-6199, 1990 WL 692680 (Ohio Com. Pl. Aug. 15, 1990) and *State of Ohio ex rel. Petro v. Craftmatic Organization, Inc.*, Case No. 05-CVH-06-06060 (Franklin Com. Pl. July 25, 2005) are both consent decrees. And *State of Ohio ex rel. Rogers v. Indoor Environmental Air Consulting, LLC*, Case No. 08 CVH 03-4028 (Frankin Com. Pl. Oct. 23. 2008) is a default judgment. Plaintiff argues that consent decrees and default judgements can serve as prior notice under the OCSPA because they are in the Attorney General's public file, relying on *Charvat v. Telelytics, LLC,* No. 05AP–1279, 2006 WL 2574019 (Ohio Ct.App. Aug. 31, 2006). In that case, the court reasoned that "a consent judgment's precedential value is not determinative under R.C. 1345.09(B), because the statute specifically refers to a court's determination, not a judgment." *Charvat*, 2006 WL 2574019, at *11.

The Court is not persuaded by the reasoning in *Charvat*. The OCSPA requires that the Attorney General shall make available for public inspection "*all* judgments, including supporting opinions, by courts of this state that determine the rights of the parties . . . determining that specific acts or practices violate" the OCSPA. O.R.C. § 1345.05(A)(3) (emphasis added). Reading this broad command alongside § 1345.09, "it is clear that the reference to a court's 'determination' in § 1345.09(B) is a reference to a court's final determination, *i.e.* a judgment with supporting reasoning." *Gascho v. Global Fitness Holdings, LLC*, 918 F. Supp. 2d 708, 715 (S.D. Ohio 2013). *See also Robins v. Global Fitness Holdings, LLC*, 838 F. Supp. 2d 631, 649

5

(N.D. Ohio 2012) (rejecting reliance on consent judgments for prior notice); *Kline v. Mortgage Elec. Sec. Sys.*, 3:08CV408, 2010 WL 6298271 (S.D. Ohio Dec. 30, 2010), *report and recommendation adopted sub nom. Kline v. Mortgage Elec. Registration Sys., Inc.*, 3:08CV408, 2011 WL 1125346 (S.D. Ohio Mar. 25, 2011) (same). Consequently, the Court rejects *Charvat's* reasoning and believes the Ohio Supreme Court would as well. *Accord Gascho.*, 918 F. Supp 2d at 715. The consent decrees and default judgment cannot serve as the basis of prior notice.

Moreover, the Court finds that these cases do not involve "substantially similar" conduct. All three of these cases deal with out-of-store advertisements, which either enticed plaintiffs into the defendant's store or lured them into scheduling in-home sales presentations. *State ex rel. Celebrezze v. Nationwide Warehouse & Storage, Inc*., 90CVH08-6199, 1990 WL 692680 (Ohio Com. Pl. Aug. 15, 1990) (out-of-store advertisements created hope of receiving discount or product that did not exist); *State of Ohio ex rel. Petro v. Craftmatic Organization, Inc.*, Case No. 05-CVH-06-06060 (Franklin Com. Pl. July 25, 2005) (sweepstakes and out-of-store advertising used to generate sales leads and in-home sales presentations of adjustable beds); *State of Ohio ex rel. Rogers v. Indoor Environmental Air Consulting, LLC*, Case No. 08 CVH 03-4028 (Frankin Com. Pl. Oct. 23. 2008) (out-of-store advertisements caused plaintiffs to schedule in-home air duct services). Out-of-store advertisements reach consumers and persuade them to travel to or to enter a retail premises, while in-store advertisements or coupons, handed out after a consumer has already decided to enter a store, do not. Consequently, the Court finds that they are not "substantially similar" and rejects that plaintiff's cases establish prior notice of unfair or deceptive conduct.

Plaintiff also argues that Ohio Administrative Code 109:4-3-12(E), a rule issued by the Ohio Attorney General, meets the prior notice requirement and prohibits the conduct at issue here.  The Court is not persuaded it does.  O.R.C. § 1345.09(B) does provide that a rule adopted by the Attorney General can serve as prior notice.  And OAC 109:4-3-12(E) does deal with deceptive practices involving comparison with a supplier's own price, which is the crux of plaintiff's Complaint.  However, the applicability of  OAC 109:4-3-12 is expressly limited to out-of-store advertisements. OAC 109:4-3-12(A) ("This rule deals only with out-of-store advertisements as defined in paragraph (B)(3) of this rule.").  Therefore, the Court concludes that this is insufficient to constitute prior notice to defendant under the statute.  And, for the reasons stated above, the Court does not find the conduct to be "substantially similar."  Plaintiff's class claims under §§ 1345.02(B)(1) and (B)(8) are dismissed.

**B. O.R.C. § 1345.02(B)(1) Individual Claim**

Defendant argues that plaintiff's individual claim under O.R.C. § 1345.02(B)(1) should be dismissed because this particular statutory prohibition does not apply to representations involving price.

O.R.C. § 1345.02(B)(1) prohibits a supplier from representing that "[t]hat the subject of a consumer transaction has sponsorship, approval, performance characteristics, accessories, uses, or benefits that it does not have."  Plaintiff argues that defendant fails to demonstrate that "benefit" as used in § 1345.02(B)(1) does not mean price since defendant's cases only demonstrate that product characteristics are benefits.  The Court is unpersuaded by plaintiff's argument.  "Benefit" in § 1345.02(B)(1) does not refer to price, which is dealt with in § 1345.02(B)(8).  Plaintiff's individual claim under § 1345.02(B)(1) is dismissed.

7

**C. Breach of Contract**

Defendant moves to dismiss plaintiff's breach of contract claim because plaintiff cannot establish the existence of a contract. Defendant maintains that the coupons distributed in its stores do not establish a meeting of the minds on the essential terms of the contract. The coupons do not identify the parties to be bound, the subject matter of the contract, consideration, or a price term.

Plaintiff argues that it has alleged the existence of a contract and the terms that were breached, namely the 50% off discount. Plaintiff maintains that advertisement terms can be part of a contract and that in any case, the parties' manifestations can make up a contract.

"An enforceable contract in Ohio arises from a meeting of the minds, and 'must . . . be specific as to its essential terms, such as the identity of the parties to be bound, the subject matter of the contract, consideration, a quantity term, and a price term." *Scotts Co. v. Cent. Garden & Pet Co.*, 403 F.3d 781, 788 (6th Cir. 2005) (quoting *Alligood v. Proctor & Gamble Co.*, 72 Ohio App. 3d 309, 311 (1st Dist. 1991)).

Upon review, the Court finds that the coupons in question lack the requirements of a valid contract. Only one of the parties—defendant Coach—is identified. There is no quantity term here. Moreover, none of defendant's products that plaintiff is purchasing are identified in the supposed contract. And the price term is also ambiguous, only indicating that the coupon recipient would receive "50% off your entire purchase." (Doc. 1-1 p. 11). *Accord Henry v. Michaels Stores, Inc.*, Case No. 12 CV 001097 (Lake Com. Pl. Oct. 25, 2012) (dismissing plaintiff's breach of contract claim based on an advertisement for 40% off framing products and services for ambiguity as to the price term). The Court is unpersuaded that plaintiff's citations

8

warrant a different result.  The advertisement at issue in *McSweeney v. Jackson* contained an offer at a specific price for a piece of land, which plaintiff accepted when he handed the defendant a check. 117 Ohio App. 3d 623, 632, 691 N.E.2d 303, 309 (1996).  And in *Stern v. Cleveland Browns Football Club, Inc*., the advertisement was an offer directed specifically to the plaintiff by name for the renewal of his season tickets and which also included a specific price term for the seats. 95-L-196, 1996 WL 761163 (Ohio Ct. App. Dec. 20, 1996).  Consequently, the Court finds that the coupon does not constitute a contract.  Plaintiff's breach of contract claim is dismissed.

### D. Fraud

Defendant moves to dismiss plaintiff's claim for fraud.  Defendant argues that plaintiff's claim fails to meet the heightened pleading standard in Federal Rule of Civil Procedure 9. Plaintiff fails to allege the time, place, or the individuals involved in the alleged fraud, only generally indicating that the fraud took place in Spring 2013 at a Coach Ohio factory store. Defendant maintains that this is insufficient to provided it with the notice required by Rule 9(b).

Plaintiff contends that her claim is sufficiently pled since she alleges that she has visited defendant's stores "within the last several years" and most recently in Spring 2013.  In the alternative, plaintiff maintains that she should be allowed to amend her complaint.

When pleading fraud, Rule 9(b) requires a plaintiff to "state with particularity the circumstances constituting fraud."  It is well-settled in the Sixth Circuit that circumstances constituting fraud include "the time, place, and content of the alleged misrepresentation" as well as the identity of the individual making the representation. *United States v. Ford Motor Credit Co.*, 532 F.3d 496, 504 (6th Cir.2008) (internal quotations omitted); *Sogevalor, SA v. Penn*

9

*Central Corp.*, 771 F. Supp. 890, 893 (S.D. Ohio 1991) (citing *Michaels Bldg. Co. v. Ameritrust Co., N.A.*, 848 F.2d 674, 680 (6th Cir. 1988)). The plaintiff must also allege "the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *Ford Motor Credit*, 532 F.3d at 504. The purpose of this requirement is to "ensur[e] that a defendant is provided with at least the minimum degree of detail necessary to begin a competent defense." *Id.* Implicit in this purpose are two related concerns. First, requiring a plaintiff to plead fraud with particularity "discourages fishing expeditions and strike suits which appear more likely to consume a defendant's resources than to reveal evidence of wrongdoing." *Id.* (internal quotations omitted). Second, the particularity requirement protects a defendant from "unwarranted damage to its reputation caused by spurious charges of immoral and fraudulent behavior." *Id.* (internal quotations omitted).

The Court finds that plaintiff's claims are not pled with particularity. Plaintiff fails to identify which store she was shopping at when she received the coupons. Nor does she identify when she shopped there other than to say that she has done so "on several occasions, the most recent being Spring, 2013." (Doc. 1-1 ¶ 6). The identification of the several month time span encompassed by "Spring, 2013," is not particular. Such allegations are insufficient to meet the requirements of Rule 9(b). The fraud claim is dismissed.

**E. Unjust Enrichment**

Defendant moves to dismiss plaintiff's claim for unjust enrichment based on fraudulent inducement because it is also subject to the particularity requirement in Rule 9(b). For the reasons stated in discussion of the fraud claim, the unjust enrichment claim is dismissed.

**Conclusion**

For the reasons set forth above, Defendant Coach, Inc.'s Partial Motion to Dismiss (Doc. 5) is GRANTED.[2]

IT IS SO ORDERED.

      /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 7/2/14

---

[2] Plaintiff has asked for leave to amend, which defendant opposes because plaintiff failed to file an amendment with her opposition brief.  Federal Rule of Civil Procedure 15(a) requires that leave to amend shall be freely given, and this Court's Case Management Order states that the pleadings may be amended by August 1, 2014 without leave of Court. (Doc. 10).  Plaintiff may amend in accordance with this prior Order.