**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Julie Pattie** | ) | **CASE NO. 1:14 CV 628** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **Coach, Inc.** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendant.** | ) | |

### Introduction

This matter is before the Court upon Defendant Coach, Inc.'s Motion to Dismiss

Plaintiff's First Amended Complaint (Doc. 17). This case arises from the distribution of in-store

coupons by defendant. For the reasons set forth below, defendant's motion is DENIED.

### Facts

Plaintiff, Julie Pattie, brings this putative class action against defendant, Coach, Inc. The

Court previously dismissed most of plaintiff's original complaint, including claims for fraud and

unjust enrichment because they failed to meet the pleading standards of Rule 9. Plaintiff

thereafter filed an amended complaint in which she again alleges claims for unjust enrichment

and fraud.  Plaintiff now alleges the following facts.

Coach sells handbags, shoes, wallets, and other fashion accessories.  On September 2, 2011, upon entering defendant's factory store in Aurora, Ohio, plaintiff was handed a copy of a coupon by an employee.  The coupon contained the following or similar language: "TAKE AN ADDITIONAL 50% OFF YOUR PURCHASE VALID TODAY ONLY IN THIS COACH FACTORY LOCATION." (Comp. ¶ 6).  Defendant intended for customers to believe that the discount applied to that date only.  Plaintiff purchased products assuming she could only receive the price advantage that day.  However, defendant distributes these coupons nearly every day in its factory stores.  Because of these constant sales, plaintiff never received the represented discount off of defendant's regular prices.

Defendant now moves to dismiss the amended complaint, arguing that it fails to state a claim for which relief can be granted.  Plaintiff opposes the motion.

### **Standard of Review**

A motion to dismiss under Fed.R.Civ.P. 12(b)(6) tests the sufficiency of a complaint.  In order to survive a motion to dismiss, a complaint's factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true. *Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio,* 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atlantic v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).  The complaint must contain sufficient factual material to state a claim "plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  "The

plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

**Discussion**

Defendant moves to dismiss the complaint, arguing that plaintiff relies on threadbare legal conclusions to support her fraud and unjust enrichment claims.  Plaintiff opposes the motion, contending that she has sufficiently plead her claims and supported them with factual information.

In Ohio, a claim for fraud requires proof of the following elements: (a) a representation or, where there is a duty to disclose, concealment of a fact, (b) which is material to the transaction at hand, (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (d) with the intent of misleading another into relying upon it, (e) justifiable reliance upon the representation or concealment, and (f) a resulting injury proximately caused by the reliance.  *Russ v. TRW, Inc.*, 59 Ohio St. 3d 42, 49, 570 N.E.2d 1076, 1083-84 (1991) (citing *Burr v. Stark Cty. Bd. of Commrs.* (1986), 23 Ohio St.3d 69, 23 OBR 200, 491 N.E.2d 1101, paragraph two of the syllabus).

A claim for unjust enrichment requires proof of: "(1) a benefit conferred by a plaintiff upon a defendant; (2) knowledge by the defendant of the benefit; and (3) retention of the benefit by the defendant under circumstances where it would be unjust to do so without payment ('unjust enrichment')." *Hambleton v. R.G. Barry Corp.*, 12 Ohio St. 3d 179, 183, 465 N.E.2d 1298, 1302 (1984).

After review, the Court denies defendant's motion.  The amended complaint meets the minium requirements for a fraud claim by alleging the time, place, and content of the misrepresentation, the fraudulent scheme and intent of defendants, and plaintiff's injury. Defendant's sparse argument to the contrary fails to convince the Court.  Consequently, defendant's motion to dismiss the fraud claim is denied.

Likewise, plaintiff's unjust enrichment claim survives the motion to dismiss. Defendant's sole argument as to this claim is that "[p]laintiff only assumes that the products were not discounted, without any basis to make the assertion." (Doc. 17 p. 7).  In the complaint, plaintiff alleges that Coach offered discounts at its factory stores "nearly every day" (Comp. ¶ 8). Consequently, the products were not discounted and defendant unjustly received additional revenue.  Taking the factual allegations in the complaint as true, the Court cannot dismiss on defendant's proffered ground.  Plaintiff has alleged sufficient facts in support of her unjust enrichment claim and as such the motion to dismiss is denied.

**Conclusion**

For the reasons set forth above, Defendant Coach, Inc.'s Motion to Dismiss Plaintiff's First Amended Complaint is DENIED.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 10/24/14

4