**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**


| | | |
|---|---|---|
| Julie Pattie, | ) | CASE NO. 1:14 CV 628 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| Vs. | ) | |
| | ) | |
| Coach, Inc., | ) | <u>Memorandum of Opinion and Order</u> |
| | ) | |
| Defendant. | ) | |


<u>Introduction</u>

This matter is before the Court upon Defendant Coach, Inc.'s Motion for Summary Judgment on Plaintiff's First Amended Complaint Filed Under Seal (Doc. 29).  This case arises from the distribution of coupons at Coach factory stores in Ohio.  For the reasons set forth below, defendant's motion is GRANTED.  Also pending is plaintiff's motion for class certification (Doc. 30).  Because the Court has determined that defendant is entitled to summary judgment, the class certification motion is MOOT.

1

**Facts**

Plaintiff, an employee of her attorneys' law firm, brings this putative class action against defendant, Coach, Inc. (Pattie Dep. 11:4-6).  Defendant sells handbags, fragrances, footwear, outerwear, and accessories.

Plaintiff has shopped at Coach factory stores numerous times over the years.  (Pattie Dep. 37:15-20).  On September 2, 2011, plaintiff shopped at Coach's Aurora, Ohio store.  She received a 30% off coupon and used it towards her purchase. (Pattie Dep. 133:8-9).[1]  After initiating this lawsuit, plaintiff returned to the Aurora factory store and again used an in-store coupon for her purchase. (Pattie Dep. 92:8-22; 100:14-22).  She returned a second time to the Aurora, Ohio store in September 2014.

Defendant operates five factory stores in Ohio.  Defendant's merchandising and finance teams have weekly Monday meetings where pricing and in-store coupons are discussed.  (Mahler Dep. 20:4-21:12).  The percentage discount to be offered in the coupon is determined at these meetings.  The percentage discount varies, as do the items covered by the coupon and the store location where the coupon is to be offered.  For instance, during the month that plaintiff first visited the store, the percentage discount offered in the coupon varied.  Some days it was 30%, while other days it was as low as 20%.  (Doc. 29-4).  In addition, certain coupons were available only at specific factory stores. (Doc. 29-6 p. 45-48).  Some coupons applied only to certain items, like handbags. (Doc. 29-5 p. 95).  Other times, the coupon excluded items from its scope.  (Doc.

---

[1]     The evidence is inconsistent with the allegations in the complaint. In her complaint, plaintiff alleges that she received a 50% coupon. The 50% coupon attached to the complaint is not the coupon plaintiff used for her purchase.

29-5 p. 101).  On occasion, defendant's teams reconvened later in the week to reevaluate the

percentage discount offered in the coupons.  Depending on the weekly sales, the percentage

discount may increase or decrease.  (Mahler Dep. 23:11-21; 25:7-13).

Plaintiff does not dispute defendant's evidence but points to the following evidence:

From November 11, 2010 to January 24, 2012, defendant offered discounts through its in-

store coupons on all of its products every day its stores were open for business.  Defendant

offered the 30% coupon on 270 days in 2011 (Doc. 34 p. 2).  On the remaining days during this

time period, the coupon varied.  Some days it was higher than 30% and other days it was lower.

From August 21, 2012 through February 7, 2013, defendant offered coupons every day of 30% or

higher.  From February 8, 2013 through 2014, defendant offered coupons applicable to a

majority of its products, with the exception of two weeks in June 2014.  The coupons varied as

follows: 50% off of everything, 60% off of regular merchandise, 65% or 70% off clearance.

Additional coupons were occasionally offered.

The amended complaint contains two claims for relief.  Count one is a claim for unjust

enrichment and count two is a claim for fraud.  Defendant moves for summary judgment and

plaintiff opposes the motion.[2]

### Standard of Review

Summary Judgment is appropriate when no genuine issues of material fact exist and the

moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317,

---

[2]     The Court previously granted defendant's motion to dismiss the
initial complaint, which contained claims for unjust enrichment,
fraud, breach of contract, and violations of the Ohio Consumer
Sales Practices Act ("OCSPA").  In her amended complaint,
plaintiff alleges only claims for unjust enrichment and fraud.

3

322–23 (1986) (citing Fed.R.Civ.P. 56(c)); see also *LaPointe v. UAW*, Local 600, 8 F.3d 376,

378 (6th Cir. 1993).  The burden of showing the absence of any such genuine issues of material

facts rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits," if any, which it believes demonstrates the absence of a genuine issue of material fact.

*Celotex*, 477 U.S. at 323 (citing Fed.R.Civ.P. 56(c)).  A fact is "material only if its resolution will

affect the outcome of the lawsuit." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

Accordingly, the nonmoving party must present "significant probative evidence" to demonstrate

that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip*

*Morris Cos., Inc.*, 8 F.3d 335, 340 (6th Cir. 1993).  The nonmoving party may not simply rely on

its pleading, but must "produce evidence that results in a conflict of material fact to be solved by

a jury." *Cox v. Kentucky Dep't. of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995).

The evidence, all facts, and any inferences that may permissibly be drawn from the facts

must be viewed in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co.*

*v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)*; Eastman Kodak Co. v. Image Technical Servs.,*

*Inc.*, 504 U.S. 451, 456 (1992).  However, "[t]he mere existence of a scintilla of evidence in

support of the plaintiff's position will be insufficient; there must be evidence on which the jury

could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252.

Summary judgment should be granted if a party who bears the burden of proof at trial

does not establish an essential element of his case. *Tolton v. American Biodyne, Inc.*, 48 F.3d

937, 941 (6th Cir. 1995) (citing *Celotex*, 477 U.S. at 322).  Moreover, if the evidence is "merely

4

colorable" and not "significantly probative," the court may decide the legal issue and grant summary judgment. *Anderson*, 477 U.S. at 249–50 (citation omitted).

**Discussion**

**I. Fraud**

Defendant argues that plaintiff's fraud claim fails because plaintiff cannot point to a misrepresentation.  In addition, defendant claims that plaintiff cannot establish that defendant acted with the requisite intent.

In Ohio, a claim for fraud requires proof of the following elements: (a) a representation or, where there is a duty to disclose, concealment of a fact, (b) which is material to the transaction at hand, (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (d) with the intent of misleading another into relying upon it, (e) justifiable reliance upon the representation or concealment, and (f) a resulting injury proximately caused by the reliance. *Russ v. TRW, Inc.*, 59 Ohio St. 3d 42, 49, 570 N.E.2d 1076, 1083-84 (1991) (citing *Burr v. Stark Cty. Bd. of Commrs.* (1986), 23 Ohio St.3d 69, 23 OBR 200, 491 N.E.2d 1101, paragraph two of the syllabus).

 Although changing courses throughout the litigation, it appears that plaintiff now claims that the "false statement" consists of the "percentage discount" listed on defendant's coupons. According to plaintiff, the products are always on sale.  Thus, the price listed on the price tag is never the true price.  Rather, the "true price" is the price plaintiff actually paid.  As a result, she did not receive a discount because she paid the everyday price.  The Court rejects this argument. As plaintiff herself points out, in the very month in which she made the purchase at issue, there

were three different coupons offered—20%, 25%, and 30%. (Mahler Dep. Ex. 3).  Thus, customers purchasing the same product at different times during that month paid a higher price than plaintiff.  During the remainder of 2011, defendant offered coupons ranging from 10% to "30% + 10%."  (*Id*.).  As a result, certain customers paid less than plaintiff, while certain customers paid more.  In-store coupons distributed after 2011 were limited to certain types of items, applied only to certain factory stores, or excluded certain items from savings.  Moreover, plaintiff alleges in her complaint that defendant regularly offers 50% off coupons.  Copies of such coupons are attached to the complaint.  Thus, plaintiff paid far more than a customer possessing a 50% coupon.  Morever, the evidence shows that at least on certain occasions defendant offered no coupon at all.  Simply put, plaintiff fails to offer any evidence that plaintiff did not receive a discount.  Because the prices varied over time and applied to different items at different locations, plaintiff's argument that the coupon falsely offered a discount is rejected.

Plaintiff relies on *B. Sandfield, Inc. v. Finlay Fine Jewelry Corp.*, 258 F.3d 578 (7th Cir. 2001) for the proposition that the statements are fraudulent.  In *B. Sandfield*, the defendant, a jewelry store, regularly offered its products at 50% off.  "Every once in a while (but never on a Saturday or during December)" the defendant removed the signs.  *Id*.  "But less than 3% of its sales were made that way, and if a customer asked for the 50% off discount on regular priced days, the defendant gave it to them."  *Id*.  The Seventh Circuit indicated that the statements were accurately labeled "false" or "fraudulent."  *Id*. at 580.

The Court finds *B. Sandfield* distinguishable.  Here, defendant's coupons varied considerably over time and applied to different products at different locations.  The coupons ranged from 10% to 50%.  There is simply no evidence that defendant's "regular" price was the

6

price plaintiff actually paid.  Additionally, plaintiff puts forward no evidence that defendant would give a discount on a day it was not advertising one or would give a different discount than the one posted as was the case in *B.Sandfield*.  The undisputed facts do not support plaintiff's theory that she paid the "full price" for her purchase.[3]

Because the Court finds that plaintiff fails to point to a "false statement," her fraud claim fails.  As such, the Court need not address defendant's intent argument.  The Court notes, however, that plaintiff likely cannot establish the "reasonable reliance" element of a fraud claim.  After plaintiff filed this lawsuit, she returned to one of defendant's stores and purchased items using a coupon.  Thus, it cannot be said that plaintiff was fraudulently induced into making the purchase when, with full knowledge of the alleged fraud, she continued to enter into the same transactions with defendant.

**II. Unjust Enrichment**

Defendant also moves for summary judgment on plaintiff's unjust enrichment claim.  Plaintiff contends that this claim is not dependent on defendant's fraud claim but rather is a wholly separate claim.  The Court disagrees.  Plaintiff's unjust enrichment claim asserts that defendant made false representations that its products were discounted when they were not.

---

[3]    Plaintiff relies on various sections of the Ohio Administrative Code to support her claim that she paid the "regular price" for her purchases.  These provisions apply to claims brought under the OCSPA.  Plaintiff, however, did not assert an OCSPA claim in the amended complaint.  Nor does plaintiff point to any case applying these provisions to a common law fraud claim.  Accordingly, the argument is rejected.  In addition, the Court denies plaintiff's request to add an OCSPA claim, which is sought in the brief in opposition.  Plaintiff's request for leave to amend her breach of contract claim is also denied.

7

Because plaintiff did not receive the discount stated on the coupon, defendant was unjustly enriched by the amount of the discount.  As explained above, however, the Court has found that defendant did not make false statements.  Plaintiff, therefore, received what was represented to her and defendant was not unjustly enriched.  Summary judgment for defendant is granted.

**Conclusion**

For the reasons set forth above, Defendant Coach, Inc.'s Motion for Summary Judgment on Plaintiff's First Amended Complaint Filed Under Seal (Doc. 29) is GRANTED.  Plaintiff's motion for class certification is MOOT.

IT IS SO ORDERED.


/s/Patricia A. Gaughan
PATRICIA A. GAUGHAN
Date:    2/20/15          United States District Judge

8